EDWIN A. BEERS *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District.

Argued June 1st—decided July 16th, 1915.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County

———————

\* Transferred from the second judicial district.

and tried to the jury before *Webb, J.;* the jury returned a verdict for the plaintiff for $5,500 which the court set aside as excessive upon the plaintiff's refusal to remit the sum of $2,000, from which decision the plaintiff appealed. *No error.*

*Henry E. Shannon* and *Edward J. Quinlan,* with whom was *John J. Walsh,* for the appellant (plaintiff).

*William L. Barnett,* for the appellee (defendant).

PER CURIAM. The plaintiff recovered a verdict for $5,500. The court, in response to a motion, ordered the verdict set aside and granted a new trial unless the plaintiff should within one week enter a *remittitur* as to $2,000 of the verdict, and consent that a judgment for $3,500 should be entered. The plaintiff filed a refusal to enter such a *remittitur,* and appealed to this court alleging error in setting aside the verdict.

The plaintiff was standing in a freight-car, when, by reason of another car being shunted against it by the defendant's negligence, he was thrown or jumped to the ground and broke his heel bone. After suffering some time from his injury, pneumonia set in, and one of the contested questions between the parties was whether the pneumonia was caused by the defendant's negligence. Considerable expert testimony was offered upon this question and was quite conflicting. A large part of the expense and suffering for which the plaintiff claimed to recover were caused by the pneumonia. The court's action upon the motion shows that in its view the plaintiff was entitled to substantial damages, but that the verdict rendered was excessive.

We cannot, from the evidence before us, say that the presiding judge abused his discretion in so holding. The appearance and conduct of the witnesses and the

plaintiff in such a case would have great weight. These may have been such as to satisfy the court that the jury improperly allowed some item of damage claimed by the plaintiff which the evidence did not warrant.

The plaintiff's counsel have suggested that, should we be of opinion that the action of the court below was not unwarranted, we order that a judgment for the plaintiff for $3,500 be now entered. The plaintiff had, and rejected, an opportunity to accept a judgment for this amount. He cannot be allowed to speculate upon his chances, and now, without a new trial, recover a judgment for the amount which he rejected in the Superior Court.

There is no error.