78 N.J. Super. 232 (1963)
188 A.2d 215
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT O. HARRIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1963.
Decided February 7, 1963.
*234 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Sheldon Bross, court-assigned counsel argued the cause for appellant (Mr. Irwin A. Horowitz, of counsel and on the brief).
Mr. C. William Caruso, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney; Mr. Caruso, on the brief).
PER CURIAM.
Defendant appeals as an indigent from a County Court judgment of conviction based on a jury verdict finding him guilty of entering with intent to steal (N.J.S. 2A:94-1) and stealing (N.J.S. 2A:119-2).
Defendant stood trial on two indictments returned by the Essex County grand jury. The first, No. 947-61, charged him and two others, Fitts and Wilcher, with stealing a certain truck. The second, No. 946-61, was in three counts, charging defendant, Fitts and Wilcher with (1) willfully entering the store of one Smith with intent to steal; (2) stealing a quantity of meat therein belonging to Smith; and (3) knowingly receiving the meat (N.J.S. 2A:139-1). Fitts and Wilcher pleaded guilty to the entering and larceny charges in the latter indictment prior to the trial. Their testimony at the trial on behalf of the State completely implicated defendant as the man who had driven the truck, broken into and entered the Smith building, and helped steal the meat. Defendant did not take the stand in his own behalf, nor offer any evidence. The jury returned a verdict of not guilty on indictment No. 947-61. As to the other indictment, the jury at first found defendant guilty of all three counts, but after the trial judge noted that if it found defendant guilty of larceny it could not find him guilty of receiving, the jury was polled and unanimously found defendant *235 guilty of entering with intent to steal and stealing, and not guilty of receiving. The trial judge imposed a sentence of 3-5 years in State Prison on the entering charge and suspended sentence on the larceny count.
Defendant first argues that the court's charge on defendant's failure to testify in his own behalf was "unduly prejudicial." The contention has no merit whatever. The charge fully conformed with the rule laid down in State v. Corby, 28 N.J. 106 (1958), and Rule 23(4) of the Uniform Rules of Evidence, enacted into law by L. 1960, c. 52, § 17 (N.J.S. 2A:84A-17(4)). As hereinbefore noted, there was direct evidence of defendant's active participation in the crimes of entering and larceny, as charged in the first two counts of the indictment. If this evidence was untrue, defendant could have disproved it by his own testimony. He did not see fit to do so. Under the circumstances, the trial judge was amply justified in charging the jury as he did  that defendant's failure to testify in his own behalf "raises a permissible inference that he could not truthfully deny those facts." The judge went on to say that defendant was entitled to have the jury consider all the facts in evidence, and even if he did not under oath deny such facts as incriminated or tended to incriminate him, he was entitled to the presumption of innocence unless and until the jury agreed upon a verdict of guilty after considering all the evidence.
Defendant next argues that the trial court's failure to direct a verdict of acquittal on the receiving count was erroneous and served to prejudice defendant's right to a clear and appropriate jury charge. After the State rested, defendant moved for acquittal on both indictments. The court held that the State had established a prima facie case, and that the matter should go to a jury. Since the jury acquitted defendant on the indictment charging theft of the truck, the only question is whether the trial court's refusal to grant acquittal on the second indictment, and particularly the third count charging defendant with receiving stolen goods, was erroneous. We find there was evidence sufficient to support the *236 crimes charged in the three counts of the second indictment, and that the matter was properly submitted for jury resolution.
Defendant claims that acquittal on the receiving count should have been granted because the charge of receiving was "grossly misleading and confusing." We find that the trial judge carefully defined the crimes charged in each of the counts and the essential elements of each. He instructed the jury that it should consider each of the counts separately, and then said:
"Now, with respect to the third count, if you find that this man was there, that he did enter this building, that he stole this meat, then, of course, the third count which charges him with receiving it is repugnant, because if he stole it, surely he had it. * * *
Now, it might very well be that you will find from the evidence that he did not enter the building or that he did not steal it, but that he received it, and you heard the testimony. So that if you come to the conclusion that the State has failed in the first two counts but if you find it established beyond a reasonable doubt that he did receive that meat, you may find him guilty on that count. * * *."
It would have been helpful had the judge told the jury that if it found defendant guilty on the larceny count, it could not find him guilty of receiving. This might have avoided the verdict which the jury first delivered when it returned from its deliberations.
We note, in passing, that defendant offered no request to charge, nor did he make any objection to the court's charge except with respect to what the court had said about the inference which might be drawn from defendant's failure to take the stand and the inference of consciousness of guilt which might be drawn from defendant's flight prior to arrest.
Finally, defendant argues that the inconsistent verdict originally rendered by the jury evidenced its misunderstanding of the charge as given, and the "molding" of that verdict by the trial judge violated defendant's right to an unhampered jury determination. When the jury returned to the court, its foreman announced that it found defendant not *237 guilty on the first indictment charging larceny of the truck, and "guilty on all three counts" of the second indictment. The following then ensued:
"THE COURT: You find him guilty on the first count? Of course, if you find him guilty on the first and second counts on the third count you cannot because he took it so there is no receiving.
THE FOREMAN: That's what we assumed.
THE CLERK: Members of the jury, the verdict as reported by your foreman is that you find the defendant, Robert O. Harris, guilty on counts one and two of indictment 946 charging him with entering and larceny, and you say further you find him not guilty on the count of receiving; and that on indictment 947 you find the defendant, Robert O. Harris, not guilty, and so say you all.
MR. BROSS: May I approach the bench?
THE COURT: You can state what you want.
MR. BROSS: Could that be clarified?
THE COURT: I have clarified it. Did you understand what I said?
MR. BROSS: No, your Honor.
THE COURT: He has been found guilty on indictment 946 of entering and larceny. The third count obviously is repugnant to the second count because he already stole it so he could not have received it. That is what he [is] found guilty of. Is that what you want?
MR. BROSS: Yes."
Defense counsel then requested that the jury be polled with respect to the second indictment. Before polling the jury the clerk said:
"THE CLERK: Members of the jury, the verdict as it will be recorded by the court on indictment 946 will be read back to you, the roll will be called and you will then be asked whether or not this is your verdict. Kindly indicate whether or not this is your verdict by answering yes or no as the case may be when the question is put to you.
Members of the jury, the verdict as it will be recorded by the court is that you find the defendant, Robert O. Harris, guilty of the first two counts charging him with entering and larceny on indictment number 946-61, and you say further you find the defendant not guilty of the third count charging him with receiving."
The vote was unanimous.
It will be seen that the jury was given no opportunity to retire and discuss and reach a verdict as to whether, in its *238 judgment, defendant was guilty of entering with intent to steal and stealing, or of receiving. When the foreman, in response to the first comments of the trial judge following the announcement of the original verdict, said, "That's what we assume," he was in fact undertaking to speak for the other 11 members of the jury on a matter which was presumably explanatory of the mental processes of the individual jurors during their deliberations. This he could not do. Moreover, his statement was patently inconsistent with the verdict as rendered.
But of equal importance, this statement still left unresolved the question of whether the jury actually found defendant guilty of entering and larceny or, alternatively of receiving. Clearly, it was not for the judge to resolve this question for the jury, particularly when the choice he made resulted in defendant's conviction of two crimes rather than one. His action in so doing was not a mere "molding" of the form of the verdict. Rather, it embraced a substantive determination of the issues which the jury alone was empowered to decide. See Kilgus v. Wayne Co., 85 N.J.L. 351, 354 (E. & A. 1913). It is conceivable that had the jury been permitted to deliberate further, it might have found defendant guilty only of receiving.
Nor did the polling of the jury serve to cure the judge's error. The poll was not preceded, nor accompanied, by any jury deliberation whatever, let alone deliberation in the privacy which the jury room is designed to provide. When the jury came in with its original verdict the trial court should have recharged it, stressing the repugnancy of the second and third counts of the indictment, directing it to retire and reconsider its verdict, and to return a verdict not inconsistent with the court's charge.
Well-intentioned as the trial judge was, the course he pursued interfered with the jury's function and was error. The judgment must therefore be reversed and the matter remanded for a new trial.