110 N.J. Super. 173 (1970)
264 A.2d 748
VERONICA MULKERIN AND JOSEPH MULKERIN, PLAINTIFFS-RESPONDENTS,
v.
SOMERSET TIRE SERVICE, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1970.
Decided May 1, 1970.
*174 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. John B. Stone argued the cause for appellant (Messrs. Ryan, Saros, Davis & Stone, attorneys).
Mr. Thomas F. Dwyer argued the cause for respondents (Messrs. Sauer; Boyle and Dwyer, attorneys).
*175 HALPERN, J.A.D.
Plaintiff Veronica Mulkerin fell in the driveway of defendant's service station and sustained serious injuries. In this suit against defendant the jury awarded her damages of $48,000, and her husband $5,500 on his per quod claim.
Defendant's motion for a new trial was denied but the court remitted $10,000 of Mrs. Mulkerin's verdict and directed that unless she accepted the reduced verdict a new trial on damages would be ordered. No change was made in Mr. Mulkerin's verdict. Mrs. Mulkerin agreed to the remittitur and judgments were entered for Mrs. Mulkerin for $38,000, and Mr. Mulkerin for $5,500.[*] Defendant appeals from these judgments, and Mrs. Mulkerin cross-appeals from the court's action in remitting $10,000 of her verdict.
In seeking a reversal defendant contends it breached no duty owing plaintiffs hence the jury's verdict was against the weight of evidence. We disagree. The jury could reasonably conclude from the evidence that Mrs. Mulkerin was a business invitee on defendant's premises, who fell and was injured because of its negligent installation and maintenance of underground lines which resulted in a depression two to three feet wide, 66 feet long, and depressed about one to two inches, extending across the driveway of its property.
Although the incident occurred during a heavy snow storm, and despite defendant's uncontradicted proof that it frequently caused its driveway to be plowed during the storm, the jury could find that ice and snow accumulated *176 in the depression causing Mrs. Mulkerin to fall. The testimony of Mrs. Mulkerin as to where and what she fell on, coupled with the expert's opinion of faulty construction and maintenance, created a classic jury question as to whether defendant exercised ordinary care to render its premises reasonably safe for use by its patrons. The record fails to disclose a miscarriage of justice as defined in Dolson v. Anastasia, 55 N.J. 2 (1969). On the contrary, the record amply supports the jury's conclusions on liability and the court's denial of a new trial on that issue.
Defendant also contends that the opinion testimony of plaintiffs' expert was based on speculation and contrary to the weight of evidence, and that the instructions to the jury were incomplete and went beyond fair comment. We have carefully examined these contentions and find them without substance.
Finally, we turn to plaintiffs' cross-appeal. Before discussing the merits, we will dispose of defendant's contention that since Mrs. Mulkerin accepted the court's remittitur she is now precluded from raising it by cross-appeal. This narrow issue, to our knowledge, has never been squarely decided in New Jersey. We have concluded that she is not barred from raising the issue.
Remittitur is the action taken by a court to reduce a jury's verdict because it determined the verdict is excessive. It gives plaintiff the choices of accepting the reduced verdict or suffering a new trial on damages. The philosophy is to encourage the use of remittitur whenever applicable. Fritsche v. Westinghouse Electric Corp., 55 N.J. 322 (1970). As expressed by Justice Proctor, "We think it deserving of mention that in the future both trial and appellate courts that are confronted with excessive verdicts should, if possible, resort to an order of remittitur. * * * Utilization of this device avoids the unnecessary expense and delay of a new trial." (at 330-331)
When a plaintiff accepts a remittitur he generally does so because it avoids delay, expense, the risk of a new *177 trial on damages or an appeal. However, if defendant appeals, the objectives of the court and plaintiff have been frustrated. Since plaintiff, because of defendant's appeal, must go through an appeal after he has accepted the remittitur, why should he, in all fairness, be deprived of the right to review the court's action? Why should defendant get the benefit of the reduced verdict and be able to appeal on all issues without risking a restoration of the jury's verdict? No sound reason for such benefits to defendant exist. On the contrary, defendants may hesitate to appeal and more readily agree to pay the remittitur. We realize there are contrary views. See the majority and dissenting opinions in Corabi v. Curtis Publishing Company, 262 A.2d 665 (Pa. Sup. Ct. 1970), dealing with a conditional acceptance of a remittitur by a plaintiff. See also the annotation in 16 A.L.R.3d 1327, wherein cases from other jurisdictions on the problem are discussed. We are in accord with the view that a plaintiff who accepts remittitur may not appeal, but where defendant has appealed, plaintiff may cross-appeal, as expressed in Plesko v. City of Milwaukee, 19 Wis.2d 210, 120 N.W.2d 130 (Sup. Ct. 1963).
Turning to the merits of the cross-appeal, we have concluded that the jury's verdict of $48,000 for Mrs. Mulkerin should be reinstated and the remitted judgment set aside. A brief summary of Mrs. Mulkerin's admitted injuries will demonstrate the basis for our conclusion. She was 57 years old when the accident occurred. She had painful contusions and a slight shortening of her right leg. She suffered a transcervical fracture of the right femur, which had to be pinned and resulted in a condition known as asepetic necrosis. Such condition is marked by a breakdown of bony tissue and a failing of the blood supply. To alleviate the condition it would require hospitalization for a prosthesis: that is, an operation to replace her entire hip with a metal device. She now has a permanent and distinct limp when walking. She was employed at the time of the accident earning approximately $5,000 a year. Up to time *178 of trial she had lost approximately $11,000 in earnings, with an estimated work expectancy until she reached retirement age of 65. Medical expenses incurred by Mr. Mulkerin approximated $2,500. Considering all these factors, and giving due weight to the trial judge's opportunity to see and hear the witnesses, and get the "feel of the case," we find that the court's action in remitting $10,000 of the jury's verdict was error. In light of defense counsel's argument before us, as corroborated by the record, we have the impression that he never seriously questioned the extent of Mrs. Mulkerin's injuries.
If the remittitur was imposed by the court to mould the amount of Mrs. Mulkerin's verdict because of the foreman's statement that they gave her "wages for six years $30,000; pain and anguish $18,000," the court's action cannot be sustained. He made a substantive determination that was solely the jury's province. State v. Harris, 78 N.J. Super. 232, 238 (App. Div. 1963). At best, any attempt to say what the jury had in mind on the issue of wages would be pure speculation. See Poland v. Parsekian, 81 N.J. Super. 395, 402 (App. Div. 1963), certif. den. 41 N.J. 520 (1964).
For the reasons expressed the jury's verdict of $48,000 for Mrs. Mulkerin is reinstated and the judgment of remittitur for $38,000 set aside, and a judgment on her behalf entered for $48,000. In all other respects the judgments entered below are affirmed.
NOTES
[*] The recording of the terms of the remittitur and the judgments entered leaves the court records in some confusion. However, since the intent of the court and the understanding of the parties is clear that a remittitur was intended, we will treat with the merits. See Bitting v. Willett, 89 N.J. Super. 196 (App. Div. 1965), remanded 47 N.J. 6 (1966). For future guidance it is suggested that when the court directs a remittitur and plaintiff agrees thereto, plaintiff should file his acceptance in writing. The order denying the new trial should recite the amount of the judgment as remitted and the plaintiff's acceptance thereof. The court clerk should then enter judgment in the reduced amount.