Jay McKINNEY and David E. McKinney, d/b/a Complete Roofing Service, Plaintiffs–Appellees and Cross–Appellants,

v.

Robert P. LYNCH, Timothy P. Lynch, Orrel A. Daniel, David F. Lawrence, Frank Glenn Ottesen, A. Warren Willard, David L. Schell, J. N. Thompson Farms, Inc., Commerce Ranch, Inc., Keel Ltd., Karl Smith, Roland A. Wilson, Edward A. Brown, Ralph Tate, and Bowers Holt, Individually and as joint venturers associated and in business under the common name and style of Three Ponds Co.; and Three Ponds Company, a joint venture, Defendants–Appellants and Cross–Appellees.

No. 78–1061.

Colorado Court of Appeals, Div. III.

July 10, 1980.

Rehearings Denied Aug. 7, 1980.

Certiorari Denied Nov. 3 and Nov. 10, 1980.

Banta, Hoyt, Malone & Banta, P. C., J. Mark Hannen, Robert G. Wilson, Jr., Englewood, for plaintiffs–appellees and cross–appellants.

Daniel, McCain & Brown, Edward A. Brown, Steven N. Koeckeritz, Brighton, for defendants–appellants and cross–appellees.

RULAND, Judge.

Plaintiffs, Jay McKinney and David E. McKinney, initiated this action to recover lost profits in conjunction with the roofing of certain condominiums for defendants. Following a jury trial, a verdict was returned awarding plaintiffs $24,900. Pursuant to defendants' motion for new trial, the trial court ordered plaintiffs to remit $5,790, or a new trial would be granted on the issue of damages. Plaintiffs filed a written remittitur and the trial court then entered judgment in the amount of $19,109. Defendants appeal, contending that the trial court erred in not entering a directed verdict for them on the basis that the parties reached an accord and satisfaction. Plaintiffs cross–appeal, asserting that the trial court erred in ordering a remittitur. We find no merit in defendants' contention, and we dismiss the cross–appeal.

The record reflects that plaintiffs entered into an agreement with defendants for installation of roofing on certain condominiums being constructed by defendants. Substantial conflicting evidence was presented as to the terms of the agreement. After plaintiffs had installed roofing on part of the units, defendants terminated the agreement. A meeting was then held between the parties relative to settlement. At that meeting, plaintiffs asserted claims for labor and materials, as well as lost profits on the balance of the project. The parties were unable to reach any agreement as to resolution of their differences.

A second meeting was held at which time defendants tendered a check in the amount of $24,300, which was accepted by plaintiffs. On the reverse side of the check, the following appeared:

> "Endorsement of this check by payee (and payment of same) acknowledges payment in full of any and all claims which payee has to the date of this check . . . ."

However, on the front side of the check after the word "for," appears the phrase "Labor and materials."

The issues of whether the parties had an agreement for roofing the entire project, and, whether there was an accord and satisfaction as to all of plaintiffs' claims, were submitted to the jury. However, defendants contend that the trial court erred in denying their motion for directed verdict, asserting that the language on the reverse side of the check established an accord and satisfaction. We conclude that the trial court's ruling was correct.

The parties agree that a directed verdict is warranted only where the evi-

dence and the legitimate inferences therefrom can lead a reasonable juror to reach but one conclusion, *Romero v. Denver & Rio Grande Western Ry.*, 183 Colo. 32, 514 P.2d 626 (1973), and that the evidence and all legitimate inferences therefrom must be viewed in a light most favorable to the party against whom the motion was made. *Ferguson v. Gardner*, 191 Colo. 527, 554 P.2d 293 (1976).

While the endorsement on the reverse side of the check would indicate a release of any claim for lost profits, the notation on the front side of the check indicates that the check is for labor and materials only. And, a claim for lost profits had been asserted prior to issuance of the check. Hence, an issue of fact as to the intent of the parties was presented for resolution by the trier of fact. Viewing this evidence and the inferences therefrom in a light most favorable to plaintiffs, we conclude that the trial court properly submitted this issue to the jury. *See Pitts v. National Independent Fisheries Co.*, 71 Colo. 316, 206 P. 571 (1922).

In their cross–appeal, plaintiffs contend that the trial court erred in ordering a remittitur of the jury's verdict. Defendants respond that the cross–appeal must be dismissed because plaintiffs accepted the remittitur. We agree with defendants.

Plaintiffs rely upon cases from other jurisdictions for the proposition that where, as here, a party accepts a remittitur and the opposing party nevertheless appeals, the appellee is not bound by the remittitur, and may cross–appeal. *See, e. g., Mulkerin v. Somerset Tire Service, Inc.*, 110 N.J.Super. 173, 264 A.2d 748 (1970); *Plesko v. Milwaukee*, 19 Wis.2d 210, 120 N.W.2d 130 (1963). However, the law is otherwise in this jurisdiction. *Town of Colorado City v. Liafe*, 28 Colo. 468, 65 P. 630 (1901). Hence, the cross–appeal must be dismissed.

Since we find defendants' allegation to lack merit, the judgment is affirmed. Since we conclude that the cross–appeal may not proceed, that appeal is dismissed.

BERMAN and KELLY, JJ., concur.