DANIEL R. CIVIELLO ET AL. *v.* OWENS-CORNING
FIBERGLASS CORPORATION, REINFORCED
CEMENT PRODUCTS DIVISION, ET AL.
(13243)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued April 5—decision released June 28, 1988

*Timothy S. Fisher,* with whom was *Lori R. Wilson,* for the appellants (plaintiffs).

*James P. Connolly,* with whom, on the brief, was *Arthur D. Weinstein,* for the appellee (defendant National Lumber Company).

SHEA, J. In this action to recover damages for the collapse of the roof and walls of a building in the town of Glastonbury, owned by the plaintiff Daniel Civiello and leased to the plaintiff Cycle World, Inc., a jury returned a verdict of $153,522 against the defendant National Lumber Company.[1] The defendant filed a motion to set aside the judgment and, alternatively, for a remittitur. A remittitur of $36,000 was ordered on the ground, as had been stipulated by the parties, that the plaintiffs had received that sum before trial from two other original defendants in settlement of the claims against them. The plaintiffs filed an acceptance of the remittitur purporting to reserve without prejudice the right to appeal from the determination of the court that they were not entitled to interest in accordance with General Statutes § 52-192a (b),[2] which

---

[1] The action was brought against six defendants. Before trial it was withdrawn against four original defendants, two of which, Hydro Air Engineering, Inc., and Edmund Cox paid a total sum of $36,000 in settlement of the claims against them. In the trial against the remaining defendants, Quality Lumber Company and National Lumber Company, the jury returned a verdict for the former but against the latter. The opinion refers to National Lumber Company, the appellee, as the sole defendant.

[2] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add

allows interest where a plaintiff "has recovered an amount equal to or greater than" his offer of judgment. The plaintiffs had filed an offer of judgment of $125,000 about four months after commencing suit, and, if § 52-192a (b) were satisfied, would have been entitled to interest at 12 percent "computed from the date such offer was filed." General Statutes § 52-192a (b). The defendant filed an objection in the trial court to the conditional acceptance of the remittitur, but the objection was overruled. The plaintiffs filed their appeal from the "[j]udgment denying interest on the plaintiffs' offer of judgment."

This appeal presents two issues: (1) a jurisdictional question, whether a plaintiff who has accepted a remittitur order may, nevertheless, appeal from the judgment containing that order;[3] and (2) an issue of statutory construction, whether a plaintiff who has obtained a jury verdict for an amount in excess of his offer of judgment, when that verdict later is properly reduced by

to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[3] It should be noted that General Statutes § 52-228a provides expressly that in any jury case where the court orders a remittitur or an additur, the party aggrieved "may appeal as in any civil action." The statute also provides that "[t]he appeal shall be on the issue of damages only, and judgment shall enter upon the verdict of liability and damages after the issue of damages is decided."

The legislative history of this enactment indicates that its purpose was to limit the issues to damages when a new trial is ordered pursuant to a remittitur or additur, making it unnecessary to retry the issue of liability

the trial court to a sum less than that offer, is entitled to interest pursuant to § 52-192a (b) for having "recovered an amount equal to or greater than" his offer of judgment. We hold that we have jurisdiction to entertain the appeal but that the amount of the judgment rather than the verdict must be compared with the amount of the offer of judgment in deciding whether a plaintiff is entitled to interest under the statute. Accordingly, we find no error.

## I

### A

The parties appear to have assumed that the jurisdictional issue is one of first impression in this state. This court, however, in *Beers* v. *New York, N.H. & H. R. Co.,* 89 Conn. 711, 713, 94 A. 919 (1915), rejected the suggestion of a plaintiff, who had refused to file a remittitur and had taken an appeal from an order conditionally setting aside the verdict, that, if his appeal should prove unsuccessful, we should direct judgment for the amount to which the verdict would have been reduced if the remittitur had been accepted. "[The plaintiff] cannot be allowed to speculate upon his chances, and now, without a new trial, recover a judgment for the amount which he rejected in the Superior Court." Id. In an earlier case approving the practice of ordering a remittitur where the damages awarded by a jury were clearly excessive, we recognized that an order of remittitur presented a plaintiff with a choice of two alternatives: "The plaintiff is not compelled to remit the sum suggested by the trial court, but may elect either to submit to a new trial, or to seek,

as the former practice had required. 11 S. Proc., Pt. 7, 1965 Sess., p. 2625, remarks of Senator T. Clark Hull; 11 H.R. Proc., Pt. 8, 1965 Sess., p. 3675, remarks of Representative Robert Satter. There is no indication that the statute was intended to remove the necessity for a new trial entirely or to permit a party to accept a remittitur or additur while also challenging its propriety.

by an appeal to this court . . . to have the order of new trial reversed and judgment rendered for the full amount of the verdict." *Noxon* v. *Remington,* 78 Conn. 296, 300, 61 A. 963 (1905); see *Doroszka* v. *Lavine,* 111 Conn. 575, 579, 150 A. 692 (1930). Where the trial court has failed to order an appropriate remittitur for a verdict found to be excessive on appeal, this court has exercised its own prerogative to order a remittitur as an alternative to a new trial. *Buckman* v. *People Express, Inc.,* 205 Conn. 166, 177, 530 A.2d 596 (1987); *Gorczyca* v. *New York, N.H. & H. R. Co.,* 141 Conn. 701, 706, 109 A.2d 589 (1954); *McCarthy* v. *Maxon,* 134 Conn. 170, 173, 55 A.2d 912 (1947); *Rosa* v. *American Oil Co.,* 129 Conn. 585, 589–90, 30 A.2d 385 (1943).

While the vintage of our most significant precedent, *Beers* v. *New York, N.H. & H. R. Co.,* supra, exceeds a half century, the United States Supreme Court more recently has resolved conflicts among the federal courts in favor of adhering to "[a] line of decisions stretching back to 1889" holding that a plaintiff cannot, by accepting the order under protest, "appeal the propriety of a remittitur order to which he has agreed." *Donovan* v. *Penn Shipping Co.,* 429 U.S. 648, 649, 97 S. Ct. 835, 51 L. Ed. 2d 112 (1977). The court upheld the Second Circuit Court of Appeals in dismissing the appeal for lack of a final judgment. *Donovan* v. *Penn Shipping Co.,* 536 F.2d 536 (2d Cir. 1976). The Second Circuit majority opinion, in addition to reliance upon precedent, had stressed three grounds in support of its position: (1) "[t]he proliferation of appeals would be the inevitable consequence" of permitting a plaintiff, who "would have nothing to lose" after guaranteeing himself a minimum verdict, to appeal under protest in an attempt to restore the original verdict; id., 537; (2) the policy against piecemeal appeals embodied in the final judgment rule would be violated by sanctioning an appeal from a conditional order for a new trial; and (3) "in

those rare instances where a second trial is required, it provides yet an additional gauge by which the court of appeals can judge the propriety of the remittitur." Id., 538. These considerations, particularly those relating to efficient judicial administration, were sufficient, in the view of the majority, to overcome the concern of the minority that such a restriction upon a plaintiff is grossly unfair in depriving him of "any real opportunity to challenge the judge's use of a remittitur." Id., 539 (Feinberg, J., dissenting).

A majority of the state courts that have considered the issue have held that at common law the plaintiff who accepts a remittitur in lieu of a new trial is bound by his election and cannot appeal from the judgment ordering the remittitur. Annot., 16 A.L.R.3d 1327, 1329; W. Maywhort, "Remitting Parties' Right to Cross-Appeal," 49 N.C.L. Rev. 141 (1970). The rule has been abrogated by statute in at least one state. Tenn. Code Ann. §§ 20-10-102, 20-10-103. It has been modified by statute or judicial decision in several states to permit a plaintiff to file a cross appeal from a remittitur order where the defendant has initiated the appeal, a situation in which considerations of efficient judicial administration would favor the disposition of all of the issues in one appeal. Neb. Rev. Stat. § 25-1929 (1943); *Mulkerin v. Somerset Tire Service, Inc.,* 110 N.J. Super. 173, 264 A.2d 748 (1970); *Plesko v. Milwaukee,* 19 Wis. 2d 210, 120 N.W.2d 130 (1963).

The plaintiffs in this case do not dispute the force of precedent barring a plaintiff from appealing from a remittitur order that he has accepted. They contend that their appeal can be maintained, nevertheless, because they do not contest the propriety of the $36,000 reduction in the jury verdict, corresponding to the payments received from other tortfeasors, and seek only to challenge the refusal of the trial court to award interest pursuant to § 52a-192a (b), a wholly separate deter-

mination. We agree with the plaintiffs that the policies that have persuaded courts to bar appeals from remittitur orders that have been accepted by plaintiffs who also attempt to contest the propriety of such orders are inapplicable to this case. Indeed, we ultimately conclude that the considerations of efficient judicial administration that have been a paramount factor in inducing courts to maintain this bar to appellate review warrant its removal in these circumstances.

### B

The reduction of $36,000 in the jury verdict effectuated by the remittitur order in this case did not result from a conclusion of the trial court that the jury had awarded excessive damages based on the evidence presented to it. In accordance with the practice established by General Statutes § 52-216a,[4] the fact that the plaintiffs had received that sum in settlement of their claims against others, who had originally been parties to the action, was never disclosed to the jury. That statute provides that a "remittitur" shall be ordered "[i]f the court . . . concludes that the verdict is excessive as a matter of law . . . ."

---

[4] "[General Statutes] Sec. 52-216a. READING OF AGREEMENTS OR RELEASES TO JURY PROHIBITED. ADJUSTMENTS FOR EXCESSIVE AND INADEQUATE VERDICTS PERMITTED. An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court."

In this case the trial court concluded that the $36,000 the plaintiffs had received should be deducted from the verdict not because the jury awarded excessive damages based on the evidence presented, but in order that the plaintiff would "not be unjustly enriched." The plaintiffs have never disputed that determination. Although the court quite properly used the term "remittitur" in making this reduction in the verdict authorized by § 52-216a, that nomenclature does not alter the character of the adjustment made by the court in rendering judgment. See *Alfano* v. *Ins. Center of Torrington*, 203 Conn. 607, 610–11, 525 A.2d 1338 (1987). Since the plaintiffs never claimed that the $36,000 reduction in the award of damages was improper, the court effectively set off the amounts paid in settlement by other defendants against the total damages the jury found the plaintiffs had sustained. Such a deduction from a verdict is not to be confused with a remittitur pursuant to General Statutes § 52-228b,[5] where the plaintiff has the alternative of a new trial if he fails to accept the remittitur order. In this case, since the propriety of the reduction was never disputed, there was no reason to order a new trial.

Accordingly, we conclude that the reduction in the verdict ordered by the trial court was a final judgment from which the plaintiffs are entitled to appeal. There could properly be no further proceedings in the trial

[5] "[General Statutes] Sec. 52-228b. SETTING ASIDE OF VERDICT IN ACTION CLAIMING MONEY DAMAGES. No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

court to affect that determination, which neither party seeks to challenge. Under these circumstances it would be an exercise in futility to insist that there be a new trial, which would provide no additional light upon the issue of whether the plaintiffs are entitled to interest based on the present award. Considerations of judicial efficiency in this case clearly demand resolution of that issue in this appeal.

## II

The plaintiffs' claim for interest is based on the provision of § 52-192a (b) that requires the court, when "the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' " to "add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981." The offer of judgment for $125,000 was filed by the plaintiffs on November 22, 1979. The jury verdict of $153,522 was returned on April 10, 1987, and the judgment on the verdict, ordering that the plaintiffs recover that sum less a remittitur of $36,000, subject to their option for a new trial, was rendered on June 3, 1987.

The plaintiffs contend that, because the verdict of $153,522 without the $36,000 reduction ordered by the court exceeds their offer of judgment, they have recovered more than their $125,000 offer of judgment and, therefore, are entitled to interest pursuant to § 52-192a (b). The issue turns upon whether the term "recovered" in the statute refers to the verdict as returned by the jury or the judgment thereon as rendered by the court after making appropriate adjustments. Some of the definitions of "recover" in the legal context are "to gain by legal process"; Webster's Third New International Dictionary; "to acquire by means of litigation"; Ballentine's Law Dictionary (3d Ed.); "to

get or obtain again, to collect, to get renewed possession of; to win back"; Black's Law Dictionary (5th Ed.); and "to obtain by course of law; to obtain by means of an action; or by the judgment rendered in an action; to succeed in an action." Bouvier's Law Dictionary (Baldwin's Century Ed. 1934). A person gains or obtains nothing by a jury verdict, of course, unless that verdict is ultimately transformed into a judgment. A verdict is essentially a finding of fact and cannot be implemented until judgment has been rendered thereon.

Apart from this lexicographical illumination of the subject, it would be incongruous to reward a plaintiff with interest pursuant to the statute where his offer of judgment proves to be excessive in the light of the ultimate judgment of the court. Where a jury verdict is properly deemed excessive and accordingly reduced by a remittitur when judgment is rendered, the statute could not have been intended to impose the interest penalty upon a defendant for failing to accept an offer of judgment exceeding the upper limit of reasonable compensation as determined by the court. A defendant is not bound at his peril to accept an offer of judgment that is excessive as a matter of law simply because of the possibility that a jury may award such an exorbitant sum. The proposition advanced by the plaintiff that the amount of the verdict and not the judgment should be determinative of the allowance of interest under § 52-192a would provide an incentive for a plaintiff to make an offer of judgment far in excess of what the law would deem reasonable.

The plaintiffs contend that the policy of encouraging settlements, which is the underlying purpose of § 52-192a, will be defeated if we construe the term "recovered" to refer to the judgment rather than the verdict. They maintain that "[i]f partial settlements are held to reduce a plaintiff's 'recovery' below the offer

of judgment figure, that will create a disincentive to enter into partial settlements." On the other hand, where there are multiple defendants, no one of them would ordinarily be inclined to accept an offer of judgment for a sum approaching the full amount of damages likely to be awarded to a plaintiff, unless the likelihood of his being held solely liable were extreme. In this case the plaintiffs filed an offer of judgment against each of several defendants in the sum of $125,000. In such a situation each defendant would have little incentive to accept such an offer because of his expectation that some other defendant would eventually contribute to the reduction of his potential exposure for damages by pretrial settlement or by apportionment of responsibility in the ultimate judgment. See General Statutes §§ 52-572h (c), 52-572o. The decision of the defendant National Lumber Company not to accept the offer of a $125,000 judgment against it was ultimately vindicated by the circumstance that two other defendants paid a total of $36,000 in satisfaction of their share of the joint responsibility of all the defendants. The plaintiffs never attempted to file a revised offer of judgment, as the statute permits, making some allowance for the payments they had received. We are not persuaded that the "disincentive to enter into partial settlements" posited by the plaintiffs is of any more significance in the expeditious disposition of law suits than the incentive we would be creating for plaintiffs not to file revised offers of judgment as circumstances change the ultimate value of a case while it is awaiting trial.

Furthermore, to make the amount of the jury verdict rather than the judgment thereon the criterion for determining whether a plaintiff has recovered more than his offer of judgment would create a disparity between court and jury trials inconsistent with the legislative intention that § 52-192a (b) apply to both in

the same manner.[6] In a bench trial, § 52-216a permits evidence of a settlement with another tortfeasor to be introduced so that the court may in the judgment rendered make allowance for the payments the plaintiff has already received from others. Prior to the advent of § 52-216a, evidence of such payments was also admissible in jury trials, and the jurors were instructed to reduce the total amount of damages a plaintiff was found to have sustained by the amount of the payments he had received. *Kosko* v. *Kohler,* 176 Conn. 383, 387, 407 A.2d 1009 (1978). The enactment of § 52-216a, which bars evidence of such payments in a jury trial, was intended to ensure that jury verdicts would not be influenced by the knowledge of a partial settlement. This procedural objective should be achieved without producing different results in court and jury trials with respect to the allowance of interest pursuant to § 52-192a (b). In the present case, if the trial had been to the court without a jury and the same damages of $152,522 were found as the plaintiffs' loss, unquestionably the $36,000 they had already received would have resulted in a judgment of $117,522, less than the $125,000 offer of judgment. To allow the same factual determination of damages by the jury to produce a different result with respect to the allowance of interest under § 52-192a (b) would conflict with the evident legislative purpose of achieving uniformity in the application of the statute to both court and jury trials.

There is no error.

In this opinion the other justices concurred.

---

[6] In 1982, the legislature amended the provision concerning the calculation of interest on the amount "contained in such offer" by substituting the amount "of the verdict," corresponding to the provision for adding such interest "to the verdict." Public Acts 1982, No. 82-228. A further amendment in 1983 substituted "add to the amount so recovered [interest] on said amount" for "add to the verdict [interest] on the amount of the verdict." Public Acts 1983, No. 83-295. This 1983 amendment apparently was occasioned by the legislative intention to make it clear that General Statutes § 52-192a is applicable to court as well as jury trials. See *Kusha* v. *Respondowski,* 3 Conn. App. 570, 575, 490 A.2d 1014 (1985).