[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT AND MOTION FOR PRE-JUDGMENT INTEREST
On January 25, 1991 the jury entered a verdict in favor of the plaintiffs in the amount of $11,000.
Prior to the verdict, the jury returned the following answers in response to three Interrogatories:
INTERROGATORIES TO JURY
1. Did the defendants, Resort Camplands International, and Stateline Camping Club, Inc., through their agents or servants, unjustifiably violate the contract between the parties?
YES ___x___ NO _______
2. Did the defendants, through their servants or agents, after July 19, 1985, engage in unfair or deceptive acts or trade practices in dealing with the plaintiffs?
YES ___x___ NO ______
3. If the answer to Interrogatory No. 2 is Yes, were the acts of the defendants, after July 19, 1985, intentional or with reckless disregard of the plaintiffs' rights.
YES ___x___ NO ______
The Motion to Set Aside Verdict sets forth several claimed errors. The rulings on these items, and the reasons therefor, are amply set forth in the record.
The evidence at trial shows that the plaintiffs, on February 20, 1983, entered into a contract for the parking of their trailer on the defendants' campground. This contract, and supporting documents, provided for several amenities (such as horse back riding, ball field, swimming pool, bathhouses, badminton, country store, fishing, slide presentations, sauna, etc.) many of which amenities were not forthcoming. In particular, the plaintiffs claimed that they were later expelled from the campground after 14 days, contrary to the representations made by the defendants and contrary to previous practice.
The original contract stated to run until 2010, later purportedly extended to 99 years. In view of the fact that the CT Page 1761 plaintiffs used the defendants' facilities for approximately five years, the court instructed the jury that a reduction in any award of damages should be made for the use of the premises for these five years.
No exceptions were taken by the defendants to the court's instructions to the jury (except for one exception as to nominal damages).
Wherefore the Motion to Set Aside the Verdict is denied.
In addition, the plaintiffs have claimed interest in the amount of 12% on the judgment of $11,000 and the award of $20,000 attorney's fees, in accordance with the provisions of Section 52-192a of the General Statutes.
Plaintiffs in this action filed an offer of Judgment dated April 18, 1990, offering to settle all claims underlying this action and to stipulate to a judgment for a sum certain, including attorney's fees and costs, in the amount of $19,000.00 pursuant to Conn. Gen. Stat. Section 52-192a. On January 25, 1991, as stated earlier, the jury returned a verdict in the Plaintiffs' favor in the amount of $11,000.00 to which the court added an award of attorney's fees in the amount of $20,000.00 and costs in the amount of $737.05, for a total recovery $31,737.05.
Section 52-192a of the Connecticut General Statutes provides, in relevant part:
 "After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment", the court shall add to the amount so recovered twelve percent annual interest on said amount. . . . If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the "offer of judgment" was filed."
While the statute is explicit, the only debatable question is whether 12% interest should be added to the award of attorney's fees.
In this regard, the cases of Civiello v. Owens Corning Fiberglass Corp. 208 Conn. 82, 90 and Crother v. Gerber Garment Technology, Inc., 8 Conn. App. 254, appear to be CT Page 1762 controling.
Wherefore judgment may enter for the plaintiffs to recover:
Jury Verdict $11,000
Attorney's Fees 20,000
Interest at 12% 3,173
Total $34,173
Plus Costs
WRIGHT, J. STATE TRIAL REFEREE