[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: INTEREST ON OFFER OF JUDGMENT
In this case, after a jury and trial, the plaintiff recovered a verdict in the amount of $22,500.00. The plaintiff, by an offer dated March 9, 1990, offered to stipulate to a judgment of $24,000.00. A subsequent offer of judgment dated March 11, 1991 reduced the amount to $17,500.00. The plaintiff now claims that she is entitled to interest of twelve (12%) per cent from the time of the subsequent offer of judgment to October 23, 1992, the date of the jury verdict, in accordance with Connecticut General Statutes 52-192a.
The defendants cite the case of Ficeto v. Cipriano, Superior Court, Waterbury, Docket No. 079151 (O'Brien, J.), in which the court decided that multiple offers of judgment are not permitted under 52-192a unless refiled in the same amount as the original offer. This court agrees.
The plaintiff, however, cites the Supreme Court case of Civiello v. Owens-Corning Fiberglass, 208 Conn. 82, as authority for the proposition that revised offers of judgment may be permitted, "as the statute permits" (emphasis added). Civiello, supra, at page 92. The Civiello case was brought under a previous statute which allowed plaintiffs to file new offers of judgment after rejection and to continue to file offers up until trial. P.A. 82-228 deleted this provision, and CT Page 1164652-192a, our present statute, by its express language acknowledges such change.
Section 52-192a(a) reads,
 ". . .the plaintiff may before trial file with the clerk of the court a written `offer of judgment'. . . ." (Emphasis supplied.)"
Section 52-192a(b) reads in part,
 "After trial the court shall examine the record to determine whether the plaintiff made `an offer of judgment' which the defendant failed to accept. . . ." (Emphasis supplied.)
It is clear, at least to this court, that section52-192a permits only one offer of judgment.
A closer examination of the Civiello case (supra) supports this position. In the Civiello case (supra), the offer of judgment was made in 1979, prior to the deletion in P.A. 82-228. Civiello at p. 90. In stating as it did on page 92 of the Civiello case, "The plaintiff never attempted to file a revised offer of judgment, as the statute permits," the court must have been referring to the statute in effect at the time of this offer of judgment. To adopt any other construction would render the deletion effectuated by P.A. 82-228 meaningless. See Grievance Committee v. Dacey, 154 Conn. 129, 138.
The objection to the motion for interest is sustained.
MILTON H. BELINKIE, JUDGE REFEREE