[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO OFFERS OF JUDGMENT
In this action seeking damages for personal injuries sustained by the plaintiff as the result of a motor vehicle accident in October of 1992, the plaintiff has filed an offer of judgment directed at the defendant, Barberino Nissan, doing business as The Barberino Brothers, and one directed at the defendant David Barberino, each in the amount of $1,500,000. The defendants have objected to the filing of these offers of judgment based on their reading of Connecticut General Statutes, § 52-192a, which states, in pertinent part, that "the plaintiff may before trial file with the clerk of the court a written `offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim . . ."[1].
The defendants' position depends on a hypertechnical reading of the statute, and particularly that portion that provides for "a written `offer of judgment'" (emphasis added). It is the defendants' contention that the statute (and, by implication, the Rule) unambiguously provide for only a single offer of judgment to be filed with respect to the entire case, and that individual offers of judgment directed at multiple defendants are unacceptable. This position, however, ignores Connecticut General Statutes § 1.1(f), which provides: "Words importing the singular number may extend and be applied to several persons or things . . ."
Although the defendants in their brief have cited an impressive array of authorities on the issue of statutory interpretation, they offer no case law directly addressing the issue before this court, nor has this court been able to find any out-of-state judicial interpretations of comparable procedures. The issue, small as it is, is thus apparently one of first impression.
Despite the lack of direct authority, however, it is clear that, at least in dictum, the Supreme Court has accepted without critical comment the notion that individual offers of judgment might be filed.
On the other hand, where there are multiple CT Page 12836 defendants, no one of them would ordinarily be inclined to accept an offer of judgment for a sum approaching the full amount of damages likely to be awarded to a plaintiff, unless the likelihood of his being held solely liable were extreme. In this case the plaintiffs filed an offer of judgment against each of several defendants in the sum of $125,000. In such a situation each defendant would have little incentive to accept such an offer because of his expectation that some other defendant would eventually contribute to the reduction of his potential exposure for damages by pretrial settlement or by apportionment of responsibility in the ultimate judgment. See General Statutes §§ 52-572h(c), 52-572o.
Civiello v. Owens-Corning Fiberglass Corp. , 208 Conn. 82, 92,544 A.2d 158 (1988). Thus, although the court noted the futility of filing individual offers of judgment, each for a sum approaching the total amount that the plaintiff might conceivably recover against all defendants, it appears to have accepted in principle the concept of individual offers of judgment.
Several Superior Court cases have also accepted implicitly the notion that the filing of offers of judgment directed at individual defendants is appropriate procedure.Nelson v. Armstrong, 1 Conn. L. Rptr. 278, 279 (1990) (Fuller, J.); Bower v. Ausmus, 8 CONN. L. RPTR. 344 (1993) (Gray, J.) Miller, Administrator of the Estates of MohamedAbdul-Samed Dighidi et al v. United Technologies, 9 CONN. L. RPTR. No. 13, 389 (1993) (Fuller, J.).
The purpose of offers of judgment is to encourage early, fair and reasonable settlements. Lutynski v. B.B. J.Trucking, Inc., 31 Conn. App. 806 (1993), aff'd, 229 Conn. 525
(1994). Although the defendants argue that the approach taken by the plaintiff in this case does not serve the legislative purpose, it is difficult to understand why. By filing individual offers of judgment, the plaintiff has made clear what he expects from each defendant if the case against that defendant is going to settle. An offer of judgment directed at both defendants would create another level of inquiry at which the two defendants would have to sort out amongst themselves the amounts of money CT Page 12837 they wish to contribute, if any, to satisfy such a blanket offer of judgment. Although the statute and the Rule would both appear to permit such an approach, they do not require it.
The objection to the plaintiff's offers of judgment is overruled.