[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REOUEST FOR "OFFER OF JUDGEMENT" INTEREST
This uninsured motorist case was commenced on November 5, 1999, with a return date of December 21, 1999. The plaintiffs alleged that they sustained injuries as a result of a collision with a car driven by a negligent unidentified driver.
On January 12, 2000, the plaintiff filed offers of judgment for Viola Henderson in the amount of $7500 and for Albert Henderson in the amount of $20,000. The policy limits of the contract between the plaintiffs and the defendant were $20,000/$40,000.
The case was tried to a jury on April 20, 2001. The only contested issue was the nature of the injuries and the amount of damages sustained by the plaintiffs. The policy limits were not placed in evidence, though both sides stipulated that any verdict over those limits would be reduced by the court to the amounts specified in the insurance contract.
The jury returned a verdict for Viola Henderson in the amount of $8550 and for Albert Henderson in the amount of $36,000. The parties have no issue over what amount of prejudgment interest is due Viola Henderson. They disagree on how to calculate the "offer of judgment" interest for Albert Henderson.
Conn. Gen. Stat. § 52-192a(b) provides:
 (b) After trial the court shall examine the record to determine whether the plaintiff made an "offer of judgment" which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the CT Page 12256 sum certain stated in his "offer of judgment", the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the "offer of judgment" was filed not later than eighteen months from the filing of such complaint.
The plaintiff contends that the amount of interest for Albert Henderson should be calculated on the jury's verdict of $36,000. The defendant's contention is that it should be calculated on the amount that the plaintiff is entitled to recover under the insurance contract: $20,000.
The statute specifies that interest shall be calculated from the amount "the plaintiff has recovered," not the amount of the verdict. The amount specified in the verdict can undergo changes for a variety of reasons before it is "recovered" by the plaintiff. There can be a collateral source reduction, see, e.g., Pajor v. Town of Wallingford.47 Conn. App. 365 (1997) (rev'd on other grounds), cert. denied,244 Conn. 917 (1998); there can be a remittitur, Civiello v.Owens-Corning Fiberglass Corporation, 208 Conn. 82 (1988); or, as here, there can be a stipulation or a concession as to the amount on account of the limits of an insurance policy.
Regardless of whether the jury verdict was $36,000 or ten times that amount, Albert Henderson was only entitled to recover contract damages of $20,000. The interest under Conn. Gen. Stat. § 52-192a(b) is calculated on that $20,000 sum.
The court calculates the amount of interest due Albert Henderson to be $6.57 per diem, for a total of $3,965.21. All other post-verdict matters, such as collateral source motions, having been resolved as to Albert Henderson, the court enters judgment.
IT IS SO ORDERED.
Patty Jenkins Pittman, Judge