MICHAEL LUTYNSKI *v.* B. B. AND J. TRUCKING, INC.
(11300)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued February 22—decision released July 6, 1993

*James A. Mulhall, Jr.*, with whom was *Kevin T. Nixon*, for the appellant-appellee (plaintiff).

*James E. Kernan*, with whom was *Allisan Lee Adams*, for the appellee-appellant (defendant).

*Cynthia C. Bott, William F. Gallagher* and *Kurt Koehler*, law student intern, filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

DUPONT, C. J. The principal issue to be decided in this appeal is whether the trial court improperly refused to award the plaintiff prejudgment interest and attorney's fees pursuant to General Statutes (Rev. to 1989) § 52-192a[1] after the plaintiff received a jury award in

---

[1] General Statutes (Rev. to 1989) § 52-192a provides: "(a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give

excess of his rejected offer of judgment. At the time the plaintiff made his offer of judgment, his complaint alleged that he had sustained certain injuries. Prior to trial, but after the defendant's rejection of the plaintiff's offer of judgment, the plaintiff was allowed to amend his complaint to allege additional, but related, injuries. The trial court's refusal to award interest and attorney's fees was based on its determination that the plaintiff's offer to settle the "claim underlying the action" as presented to the jury was different from the

---

notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment', the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

Section 52-192a was amended in 1992 to authorize offers of judgment "whether or not other relief [than money damages] is sought . . . ." That amendment does not affect this case.

claim on which the plaintiff based his offer of judgment, and on which the defendant based its decision not to accept that offer.

We are not aware of any appellate case in this jurisdiction that answers the question whether interest pursuant to § 52-192a may be added to a plaintiff's recovery only if the amount of damages sought for injuries sustained has not changed since the offer of judgment. We determine that the plaintiff had a statutory right to interest, and that the trial court had a mandatory duty to award such interest.[2]

The facts are not in dispute. On January 8, 1988, the plaintiff was traveling on Interstate 84 in Waterbury when a truck owned by the defendant, and operated by one of its employees, was traveling in the opposite direction. As the vehicles converged, the truck struck the median divider, became airborne, and crashed into the plaintiff's car. The plaintiff, in his complaint filed April 21, 1989, alleged that he had been "thrown about the interior of the car striking his face and head against the windshield which shattered and he was trapped in his car as it was crushed around him. . . ." He further alleged that he suffered serious injuries as a result of this collision, including a cerebral concussion, a permanent facial scar and spasmodic muscular contractions along the left side of his face. On August 18, 1989, the plaintiff filed an offer of judgment pursuant to § 52-192a in the amount of $95,000. The defendant did not accept the offer. On November 8, 1989, the defendant made an offer of judgment to the plaintiff in the amount of $85,000, which the plaintiff did not accept.

The plaintiff moved to amend his complaint on January 9, 1991, to add the words "permanent brain dam-

---

[2] The plaintiff appealed from the denial of his motion for an award of interest and attorney's fees, but did not brief his entitlement to attorney's fees and we thus deem that portion of his appeal abandoned. See *State* v. *Samaha,* 180 Conn. 565, 565 n.1, 430 A.2d 1290 (1980).

age with an emotional upset" to the paragraph in which he had alleged his injuries. The court overruled the defendant's objection and allowed the amendment. On the eve of a scheduled trial, the plaintiff moved for leave to amend his complaint further. The court again overruled the defendant's objection and granted the motion on September 23, 1991. The amendment claimed "an increased risk of future harm in that [the plaintiff] has a greater susceptibility to further head injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard." The trial was then continued to give the defendant additional time to prepare a defense to the amended complaint. The case was tried to a jury, and a verdict in favor of the plaintiff in the amount of $150,026.62 was returned on February 7, 1992. Although the verdict separated economic damages from noneconomic damages, there were no interrogatories and it is impossible to determine how much of the award was attributable to brain damage as opposed to the other serious injuries alleged in the original complaint.

After the trial, both the plaintiff and the defendant made posttrial motions regarding the amount of the award. The plaintiff moved for an award of prejudgment interest on his recovery and for reasonable attorney's fees under § 52-192a (b). The trial court denied the plaintiff's motion. In its memorandum of decision, the trial court determined that it was not compelled to award interest and attorney's fees under the statute where the plaintiff's "claim" was amended after the period for the defendant to accept the offer of judgment had lapsed because the claim presented to the jury was a different and enhanced claim from that which was the subject matter of the offer of judgment.

The defendant moved to reduce the jury award by $10,676.62, arguing that under General Statutes § 52-225a, that portion of the award constituting past

economic damages must be reduced by any amount received by the plaintiff from collateral sources. The defendant claimed that the plaintiff received more than $10,676.62 in collateral source payments, and, thus, the amount of the award should be reduced by the total amount awarded for past economic damages.[3] The trial court denied the motion.

The plaintiff now appeals from the trial court's denial of his motion for interest and attorney's fees, and the defendant cross appeals from the trial court's denial of its motion to reduce the amount of the award by the amount received from collateral sources.

## I

The plaintiff's appeal is premised on several grounds. Principally, the plaintiff argues that the award of prejudgment interest is mandatory under General Statutes § 52-192a and the applicable case law. Additionally, the plaintiff contends that the trial court's decision is contrary to the purpose of § 52-192a, which is the promotion of fair and reasonable pretrial settlements, and, consequently, the conservation of judicial resources. *Civiello* v. *Owens-Corning Fiberglass Corporation,* 208 Conn. 82, 91, 544 A.2d 158 (1988); *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* 22 Conn. App. 640, 651, 655, 579 A.2d 545, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990). Finally, the plaintiff argues that the trial court's interpretation of the word "claim" as used in § 52-192a is too restrictive because the court limits it to the precise injuries alleged in the complaint as of the date of the offer of judgment.

In response, the defendant contends that since the offer of judgment did not offer to settle the claim on which the plaintiff ultimately recovered, § 52-192a does not apply, and that it should not be penalized by pay-

[3] See footnote 5, infra.

ing prejudgment interest. The defendant admits that the plaintiff would have been entitled to interest had there been no amendment to his complaint because then the claim underlying the action would be the claim that was the subject of the jury verdict. The defendant does not deny that an offer of judgment exists but argues that it can relate only to the injuries claimed as of its date. We cannot, however, separate the general verdict into three monetary parts, one for the injuries alleged in the original complaint, one for the injuries alleged in the first amended complaint, and one for the injuries alleged in the second amended complaint.

Our courts have consistently held that prejudgment interest is to be awarded by the trial court when a valid offer of judgment is filed by the plaintiff, the offer is rejected by the defendant, and the plaintiff ultimately recovers an amount greater than the offer of judgment after trial. See, e.g., *Civiello* v. *Owens-Corning Fiberglass Corporation,* supra; *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 301, 472 A.2d 316 (1984); *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra; *Gillis* v. *Gillis,* 21 Conn. App. 549, 575 A.2d 230, cert. denied, 215 Conn. 815, 576 A.2d 544 (1990); *Edward Denike Tree Co.* v. *Butler,* 21 Conn. App. 366, 573 A.2d 349 (1990); *Crowther* v. *Gerber Garment Technology, Inc.,* 8 Conn. App. 254, 513 A.2d 144 (1986); *Kusha* v. *Respondowski,* 3 Conn. App. 570, 490 A.2d 1014 (1985). Moreover, an award of interest under § 52-192a is mandatory, and the application of "§ 52-192a does not depend on an analysis of the underlying circumstances of the case or a determination of the facts." *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra, 653; see General Statutes § 52-192a (b). The statute is admittedly punitive in nature. *Gillis* v. *Gillis,* supra, 554; *Edward Denike Tree Co.* v. *Butler,* supra, 369. It is the punitive aspect of the statute that effectuates the underlying purpose of the statute and provides the

impetus to settle cases. See *Paine Webber Jackson & Curtis, Inc.* v. *Winters,* supra, 654, *Gillis* v. *Gillis,* supra, 554; *Crowther* v. *Gerber Garment Technology, Inc.,* supra, 267.

Section 52-192a uses the phrase, "claim underlying the action." The trial court determined that "claim" does not mean cause of action. We agree. Our agreement, however, does not mean that the injuries that comprise the claim must remain constant for § 52-192a to apply. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." (Internal quotation marks omitted.) *People's Bank* v. *Bilmor Building Corporation,* 28 Conn. App. 809, 816, 614 A.2d 456 (1992); *Gurliacci* v. *Mayer,* 218 Conn. 531, 546–47, 590 A.2d 914 (1991). A claim is a demand for money or property. Ballentine's Law Dictionary (3d Ed. 1969). A cause of action in a negligence case arises from tortious conduct; the claim subjects the tortfeasor to responsibility for the payment of money damages for the injuries sustained by the plaintiff because of the tortious conduct. The plaintiff's cause of action arises out of the negligent conduct of the defendant's employee in the operation of a truck. The plaintiff's claim is for money damages for the injuries sustained by him due to that negligent conduct. The passage of time will not change the conduct, but will affect the damages. The monetary value of a case at any given time will change because of inflation, or because of exacerbation or diminution of the injuries.

An offer of judgment is an offer to settle the entire case, including claims both known and unknown, and both certain and uncertain. *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra, 307. Obviously, if injuries worsen as time passes, damages will increase, and, if injuries mend, damages will decrease. These are the vagaries of offers of settlement. The fact that the plain-

tiff amended his complaint to allege "permanent brain damage with an emotional upset" does not make his claim for damages less of a claim underlying his action. There is only one claim underlying the plaintiff's action, although its value may change. We conclude that the plaintiff made an offer to settle that claim, including present and future damages arising from injuries known and unknown as of that date.

The purpose of § 52-192a is to encourage early, fair, and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly. See *Goral* v. *Kenney,* 26 Conn. App. 231, 239–40, 600 A.2d 1031 (1991). That purpose is evidenced by the provision of § 52-192a (b) that any interest due on an offer of judgment "shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint." If the offer is filed later than eighteen months from the date of the filing of the complaint, the interest shall be computed from the date of the offer of judgment.

The purpose of the statute is not to penalize a plaintiff whose monetary claims increase because of worsening of a physical condition by forcing him or her to file another offer of judgment when the change occurs more than eighteen months after the filing of the complaint.[4] If, on January 9, 1991, the date the plaintiff first amended his complaint to allege "permanent brain

[4] No Appellate Court case has yet decided whether "refiled" as used in General Statutes § 52-192a (a) would allow a plaintiff to file an offer of judgment that increases or decreases a previously filed offer of judgment, or would allow a plaintiff to refile only the same offer in order to give the defendant a second chance to accept it. The statute previously allowed a plaintiff to file a new offer of judgment after rejection, and to continue to file new offers up to the time of trial, but was amended in 1982 to delete that provision. It is likely, therefore, that the legislature intended to restrict "refiled" to a filing of the same offer. We need not decide this question, however, for the purposes of this decision.

damage," or on June 5, 1991, the date of his second amendment, the plaintiff had been forced to file another offer of judgment, he would be entitled to interest on the amount of the verdict only from January 9, 1991, or June 5, 1991, rather than from April 21, 1989, the date of the filing of the complaint. The defendant would require the plaintiff to file a new offer of judgment because his injuries worsened. In this case, because the injuries changed more than eighteen months after the filing of his complaint, the plaintiff would be forced to forgo interest for more than twenty months if we agreed with the defendant. We do not interpret the statute as warranting such a result.

*Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra, 307, held that an offer of judgment under § 52-192a must be an offer to settle the case on all counts because the statute's purpose of encouraging settlements would be eroded by piecemeal offers of judgment. See also *Crowther* v. *Gerber Garment Technology, Inc.,* supra, 269. Thus, the plaintiff's offer of judgment in this case necessarily encompassed an offer to settle the entire case. Had the defendant elected to accept the plaintiff's offer of judgment, it would have been insulated from liability for any future damages arising out of the accident in question, including damages for brain injury. The defendant's rejection in this case of an offer to settle, subjects it to the penalty provided by § 52-192a. The plaintiff in this case filed an offer of judgment in the amount of $95,000, the defendant failed to accept the offer, and the amount ultimately awarded by the jury exceeded the offer of judgment. Thus, under the express language of § 52-192a, the trial court was compelled to award the plaintiff interest on the amount of his recovery.

The defendant also argues that because it did not have "notice" of the plaintiff's brain damage allegation at the time of the offer of settlement, the imposition

of a penalty under § 52-192a would be unconstitutional as violative of the due process provisions of the fourteenth amendment of the United States constitution. The defendant cites no precedent for this application of the due process clause. Because the offer of settlement encompassed all damages, present and future, for his injuries arising out of the accident, the defendant did have notice of the plaintiff's claim underlying his action.

## II

In its cross appeal, the defendant argues that the trial court incorrectly denied its motion to reduce the jury award by the amount of collateral source payments received by the plaintiff from his insurance providers.[5] The defendant contends that in accord with General Statutes § 52-225a,[6] the trial court was compelled to reduce the jury award by the amount of these payments.

---

[5] In its original motion, the defendant alleged that the total amount of collateral source payments made to the plaintiff exceeded the total amount recovered by the plaintiff for past economic damages, and thus requested a reduction of the jury award in an amount equal to the total recovered for past economic damages, or $10,676.62. On appeal, the defendant seeks a reduction of only $7644.90, representing the total collateral source payments actually received by the plaintiff, as stipulated by the parties.

[6] General Statutes § 52-225a provides: "(a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, or (2) personal injury or wrongful death, arising out of the rendition of professional services by a health care provider, occurring on or after October 1, 1985, and prior to October 1, 1986, if the action was filed on or after October 1, 1987, and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal

The parties have stipulated to the following facts. The plaintiff received $2644.90 in reimbursement for medical expenses directly related to the accident from his health insurance carrier, CHCP. The plaintiff had previously paid $3206.58 to CHCP to obtain such coverage. The plaintiff also received $5000 in no-fault benefits from Travelers Insurance Company, $1000 for lost wages and $4000 for medical expenses. He paid $82 in premiums for the no-fault coverage. The parties further stipulated that the money paid by CHCP and Travelers constitutes collateral sources as defined by § 52-225b.[7]

The trial court denied the defendant's motion as to the medical benefits paid by CHCP on the basis that the plaintiff had previously paid more in premiums than he received in benefits as a result of the accident. General Statutes § 52-225a (a) provides that "the court shall

to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.

"(b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.

"(c) The court shall receive evidence from the claimant and any other appropriate person concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death."

[7] General Statutes § 52-225b provides: "For purposes of sections 52-225a to 52-225c, inclusive: 'Collateral sources' means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services. 'Collateral sources' do not include amounts received by a claimant as a settlement."

reduce the amount of [any] award which represents economic damages . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section *less the total of amounts determined to have been paid under subsection (c) of this section* . . . ." (Emphasis added.) Thus, the amount of benefits received by the plaintiff from CHCP; General Statutes § 52-225a (b); must be reduced by the "amount which has been paid . . . by . . . the claimant . . . to secure his right to [the] collateral source benefit which he has received as a result of such injury." General Statutes § 52-225a (c). Because the amount paid by the plaintiff to secure medical benefits exceeds the amount received by him as a result of his injury, nothing remains by which to reduce the economic damages. The trial court, therefore, properly refused to reduce the award of economic damages by the amount of the benefits received by the plaintiff from CHCP.

The trial court also denied the defendant's motion as to the no-fault benefits. The trial court properly noted that under our decision in *Amica Mutual Ins. Co. v. Barton,* 1 Conn. App. 569, 574–75, 474 A.2d 104 (1984), Travelers has an equitable right to reimbursement from the plaintiff for the no-fault benefits it paid to the plaintiff, although its statutory right of subrogation under General Statutes (Rev. to 1989) § 38-325 (c) (now § 38a-369) was extinguished upon completion of the plaintiff's lawsuit against the defendant. Because Travelers has a direct right of recovery against the plaintiff for the amount paid to him, the trial court was correct in not reducing the award of economic damages to the plaintiff.

We conclude that the plaintiff is entitled to recover prejudgment interest on the entire amount of his recovery, pursuant to § 52-192a, from the date the original complaint was filed until the date of judgment. We also

conclude that the defendant is not entitled to have the amount of the award reduced by any amounts paid to the plaintiff by his insurance providers.

On the plaintiff's appeal, the judgment is reversed in part and the case is remanded with direction to render judgment as on file except as modified to include an award of interest in accordance with this opinion. On the cross appeal, the judgment is affirmed.

In this opinion the other judges concurred.