MICHAEL LUTYNSKI *v.* B.B. & J. TRUCKING, INC. (14822)

CALLAHAN, BORDEN, BERDON, NORCOTT and PALMER, Js.

Argued March 25—decision released May 31, 1994

*James E. Kernan,* for the appellant (defendant).

*James A. Mulhall, Jr.,* with whom was *Kevin T. Nixon, Sr.,* for the appellee (plaintiff).

*Barbara L. Cox, William F. Gallagher* and *Kurt Koehler,* law student intern, filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

PER CURIAM. The sole question in this appeal by the defendant from a judgment of the Appellate Court is whether the Appellate Court properly concluded that the trial court was required by General Statutes § 52-192a,[1] to award prejudgment interest to the plaintiff after he had obtained a jury verdict in an amount

[1] "[General Statutes] Sec. 52-192a. OFFER OF JUDGMENT BY PLAINTIFF. ACCEPTANCE BY DEFENDANT. COMPUTATION OF INTEREST. (a) After commencement of any civil action based upon contract or seeking the recovery of money damages, whether or not other relief is sought, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment', the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment'. Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days, the 'offer of judgment' shall be considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

in excess of his previously filed offer of judgment. We granted certification to consider the issue;[2] *Lutynski* v. *B.B. & J. Trucking, Inc.,* 227 Conn. 914, 632 A.2d 697 (1993); and affirm the judgment of the Appellate Court.

The facts giving rise to the defendant's appeal are set forth in detail in the Appellate Court's opinion; *Lutynski* v. *B.B. & J. Trucking, Inc.,* 31 Conn. App. 806, 628 A.2d 1 (1993); and may be summarized as follows. The plaintiff was injured on January 8, 1988, on Interstate 84 in Waterbury when the automobile that he was operating was struck by the defendant's truck. The truck had been traveling in the opposite direction and had crossed over the median divider before striking the plaintiff's car. In his original complaint filed on April 21, 1989, the plaintiff alleged that he had suffered a cerebral concussion and facial injuries as a result of the accident. On June 12, 1989, the plaintiff filed an offer of judgment in the amount of $95,000 to settle his suit against the defendant. The defendant did not accept the plaintiff's offer of judgment.

Thereafter, on January 9, 1991, the plaintiff, over the defendant's objection, was allowed to amend his complaint to add a claim for "permanent brain damage with an emotional upset." Later, again over the defendant's objection, he was permitted to amend his complaint further to allege "an increased risk of future harm in that [the plaintiff] has a greater susceptibility to further head injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard."

[2] We certified the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the trial court was required by General Statutes § 52-192a, the offer of judgment statute, to award prejudgment interest?" *Lutynski* v. *B.B. & J. Trucking, Inc.,* 227 Conn. 914, 632 A.2d 697 (1993).

A jury subsequently returned a verdict in favor of the plaintiff in the amount of $150,026.62. The plaintiff moved for an award of prejudgment interest on his recovery pursuant to § 52-192a. The trial court denied the plaintiff's motion, reasoning that his claim for damages for his brain injury and related consequences presented to the jury by his amended complaint was a different claim from that which had been the subject of his offer of judgment.

The Appellate Court concluded that the plaintiff was entitled to "recover prejudgment interest on the entire amount of his recovery, pursuant to § 52-192a, from the date the original complaint was filed until the date of judgment." *Lutynski* v. *B.B. & J. Trucking, Inc.,* supra, 31 Conn. App. 818. It therefore reversed in part the trial court's judgment and remanded the case to the trial court with direction to modify its judgment to include an award of prejudgment interest.

After considering the briefs and arguments of the parties and examining the record on appeal, we conclude that the judgment of the Appellate Court is correct and must be affirmed. The issue on which we granted certification was properly resolved in the Appellate Court's thoughtful and thorough unanimous opinion. It would serve no useful purpose for this court to repeat the discussion contained therein. Cf. *Board of Education* v. *State Board of Education,* 228 Conn. 433, 436, 636 A.2d 378 (1994); *Stankiewicz* v. *Zoning Board of Appeals,* 211 Conn. 76, 78, 556 A.2d 1024 (1989); *State* v. *Leonard,* 210 Conn. 480, 481, 556 A.2d 611 (1989).

The judgment of the Appellate Court is affirmed.