[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
This is in response to plaintiffs' Motion for Articulation dated November 17, 1994 (the date is obviously a typographical error) and mailed August 17, 1995.
1. Lutynski v. B.B. J. Trucking, Inc., 31 Conn. App. 806, (1993), affirmed 229 Conn. 525 (1994) is distinguishable from the case at bar as follows:
 a. The injuries in Lutynski, supra, of permanent brain damage etc. described in the amendments were not known at the time of offer of judgment and, therefore, could not have been claimed by plaintiff at or prior to the offer of judgment. However, in the case at bar, the claims of fraud and fraudulent conveyance were known to the plaintiffs, and were in counts eight and seven respectively prior to the offer of judgment, and since CT Page 10501 they constituted the basis for the CUTPA claim, Count Nine could have been filed at or prior to the offer of judgment since the plaintiffs were then aware of the CUTPA claim. As for the CUTPA claim based upon violation of General Statutes § 35-1, the facts underlying said claim were either known or should have been known by the plaintiffs at the time of or prior to the offer of judgment. If the defendants had been aware of the CUTPA claim at the time of the offer of judgment, they might have accepted the offer of judgment, and it was the failure of plaintiffs to amend in a timely manner that caused defendants to be unaware of the CUTPA claim; whereas, in Lutynski supra, there was no way the plaintiffs could have alleged permanent brain damage prior to the offer of judgment.
 b. In Lutynski, supra, at page 812, the curt could not ". . . . separate the general verdict into three monetary parts . . . ." whereas, here Count Nine can clearly be separated from the other counts.
 c. In Lutynski, supra, at page 813, the court stated "The passage of time will not change the conduct, but will affect the damages." In the case at bar, the passage of time will neither change the conduct nor affect the damages.
 d. In Lutynski, supra, the court, page 815, cited Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 301, 307 as holding "that an offer of judgment under § 52-192a must be an offer to settle the case on all counts . . . ." In the case at bar, there was no Ninth Count at the time of the offer of judgment.
2. Offer of judgment interest was awarded through August 7, 1995. Interest at 10% per annum under General Statutes § 37-3a was awarded through June 15, 1995 originally because that had been the date set for the hearing on attorneys' fees, and the court believed on May 26, 1995 that a final memorandum would be filed on or shortly after that date. The court was unaware, on May 26, 1995, that the hearing would last 2 days, June 15 and 16, 1995, that subsequent briefs would be filed, that there would be motions to set aside the judgment, to reargue the judgment and hearings thereon, a hearing on June 27, 1995 concerning attachments and subsequent briefs to be filed on offer of judgment interest or that CT Page 10502 this court would undergo emergency surgery on June 30, 1995 and not return to court until July 24, 1995 or that there would be a further hearing on July 27, 1995 and briefs filed subsequent to that date.
Further, the court believed that there could be post judgment interest at 10% per annum after June 15, 1995 on the damages in the May 26, 1995 Memorandum automatically if it was considered a judgment. (It should be noted that interest under General Statutes § 37-3a is discretionary with the court.) In the case at bar, the court had intended that the 10% interest under § 37-3a continue to accrue up to August 7, 1995 or that there be such interest as post judgment interest. In short, the court had intended that 10% interest accrue up until the date of final judgment and 10% postjudgment interest accrue thereafter. As noted below, there is a question as to when the judgment is final as questioned in paragraph three of the motion for articulation.
3. The court had originally considered its Memorandum of Decision of May 26, 1995 not to be a final judgment and that judgment would be final after the award of attorneys' fees and offer of judgment interest. Note that the May 26, 1995 Memorandum states throughout that "judgment will enter," not that "judgment is entered" as in the August 7, 1995 Memorandum. emphasis added.
However, then, defendants produced a higher court case which indicated that the May 26, 1995 Memorandum would be a final judgment for purposes of appeal. emphasis added.
Although that case may set the time limit for appeal of the May 26, 1995 Memorandum, this court still believes that the May 26, 1995 Memorandum was not a final judgment for all other purposes and, therefore, considers the Memorandum of Decision dated August 7, 1995 to be a final judgment or decision replacing the Memorandum of Decision of May 26, 1995.
Rittenband, J.