[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION RE: OFFER OF JUDGMENT
The present motion arises out of a five count revised complaint which was filed by the plaintiffs, Aris and Patricia Hall, against the defendants, Mt. Sinai Hospital and Amal Das, M.D. The plaintiffs brought a medical malpractice claim, involving allegations of negligence during the delivery of plaintiff Aris Hall. Aris Hall claims that as a result of defendant Das' negligence, he suffered severe brain damage.
The plaintiff made the following allegations in his motion for order regarding the offer of judgment. On August 4, 1994, the plaintiff directed interrogatories to the defendant. In response to interrogatories requesting the amount of the defendant's primary and excess insurance coverage, the defendant answered that he was covered by a one million dollar primary policy and a one million dollar umbrella policy.
Relying on the defendant's sworn interrogatory response, on August 30, 1994, the plaintiff filed an offer of judgment for two million dollars, the sum of the defendant's insurance coverage. That offer was not accepted.
On January 19, 1995, the defendant notified the plaintiff that the defendant was incorrect in his understanding of the liability coverage. The defendant learned that the one million dollar umbrella policy would not provide coverage in this case.
The plaintiff confirmed, through the defendant's insurance agent, that there was only one million dollars in coverage available. On April 19, 1995, the plaintiff submitted his revised offer of judgment for one million dollars.
On May 10, 1995, the plaintiff filed a motion for order regarding his revised offer of judgment. Additionally, the plaintiff filed a memorandum of law in support of his motion, asserting that any interest recovered should date back to the day that the original offer of judgment was filed. On May 15, 1995, the defendant filed an objection to the plaintiff's CT Page 10704 motion.
The purpose of General Statutes § 52-192a is to encourage early, fair, and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly. See Lutynskiv. B.B. J. Trucking, Inc., 31 Conn. App. 806, 814,628 A.2d 1 (1993) affirmed 229 Conn. 525, 642 A.2d 7 (1994). General Statutes § 52-192a(b) states, in pertinent part, that:
 [any interest due on an offer of judgment] shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the filing of the complaint, the interest shall be computed from the date the `offer of judgment' was filed.
In the present case, the revised complaint was filed on November 13, 1992, and the original offer of judgment for two million dollars was not filed until August 30, 1994, well after eighteen months from the date the complaint was filed. After the original offer was filed, on January 19, 1995, the defendant informed the plaintiff that his umbrella policy would not provide coverage in this case.
In response, the plaintiff submitted a revised offer in the amount of one million dollars, which reflected the amount of insurance coverage available from the defendant's primary policy only. The plaintiff requests that in the event he recovers more than one million dollars at trial, the interest be calculated on the judgment dating back to August 30, 1994, the date the original offer of judgment was filed.
Furthermore, the plaintiff argues that the defendant should be estopped from claiming that any interest should not date back to the date of the original offer since the original offer was made in reliance on representations made by the defendant to the plaintiff regarding the amount of the defendant's insurance coverage.
In his memorandum in opposition to the plaintiff's motion, the defendant argues that he informed the plaintiff as soon as he learned of his mistake that his umbrella liability CT Page 10705 policy in the amount of one million dollars would not provide coverage in this case. The defendant further argues that he will be unduly prejudiced should the court grant the plaintiff's motion.
The court finds for the plaintiff on his motion for order regarding the offer of judgment. The purpose of General Statutes § 52-192a(b) is not to penalize a plaintiff who revises his offer of judgment as a result of an error or misrepresentation in the amount of insurance coverage made by the defendant. Rather, the statute is somewhat punitive in nature, encouraging and rewarding plaintiffs who make offers of judgment and penalizing defendants who do not accept these offers but later lose a verdict for the amount of the offer.
The defendant, through his own discovery, could have easily found whether his umbrella policy provided coverage in the present case. Had he done so, the plaintiff, in all likelihood, would have made an offer of judgment equivalent to the one presently before the court.
Although a judgment itself should be based upon the evidence submitted in a given case and not upon the amount of insurance available, there is nothing inconsistent or improper about basing an offer of judgment on the amount of insurance available. Rather, if the plaintiff in good faith calculates the value of the case to be equal to or greater than the available insurance, making an offer of judgment based on the insurance subserves the principal purpose of the statute — to bring about the early settlement of cases and minimize litigation.
The plaintiff made an offer of judgment on the basis of the information that the defendant provided him regarding the amount of insurance coverage available in the present case. Requiring the plaintiff to lose any potential interest on a judgment because of the defendant's mistake is both unfair and inconsistent with the purpose of General Statutes § 52-192a.
Accordingly, the motion for order requiring the defendant to pay interest from August 30, 1994, the date of the original offer, if the plaintiff recovers an award greater than one million dollars is granted. CT Page 10706