[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO OFFERS OF JUDGMENT (#145-#152)
In this medical malpractice action, the defendants each object to the plaintiffs' offers of judgment because discovery is incomplete. The defendants particularly point to the fact that they have not yet been able to depose the named plaintiff.
General Statutes § 52-192a, which is implemented by Practice Book § 346 et seq., is clear and unambiguous. "`When language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction."Battersby v. Battersby, 218 Conn. 467, 70 (1991). "Courts may not by construction supply omissions in a statute, or add exceptions merely because it appears to them that good reasons exist for adding them.'" State ex rel. Kennedy v. Frauwirth,167 Conn. 165, 168 (1974). "In such a case the wisdom of the . . . result is not a matter for consideration by this court."United Aircraft Corporation v. Fusari, 163 Conn. 401, 415; (1972). It is so, as the defendants observe, that the purpose of the offer of judgment statute "is the promotion of fair and reasonable pretrial settlements, and consequently, the conservation of judicial resources." Lutynski v. B. B. J.Trucking, Inc., 31 Conn. App. 806, 811 (1993), affirmed,229 Conn. 525 (1994). But were this court to engraft such an exception into the statute it would have to, in each case, identify at what stage of the discovery process the case was ripe for the filing of an offer of judgment. If the court were to fashion a rule that an offer of judgment could not be filed until discovery were complete, then the ability to delay the plaintiff's ability to file an offer of judgment would be with the defendant. Just where to draw the line is matter for the legislature to determine. Gentile v. Altermatt, 169 Conn. 267,297 (1975). Here, the legislature has determined that the line is to be drawn at the beginning, "[a]ny time after the commencement of any civil action based upon contract or seeking the recovery of money damages. . . ." General Statutes § 52-192a.
In the absence of any showing that the plaintiffs have acted in bad faith in delaying the discovery process; cf.Habetz v. Condon, 224 Conn. 231 (1992); the defendants' objections to the plaintiffs' offers of judgment are overruled.[1]