[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST TO REVISE #104 AND OBJECTION TO REQUEST TO REVISE #105
The plaintiff has filed a complaint seeking, inter alia, money damages, double and treble damages pursuant to General Statutes § 14-295, and punitive damages for alleged negligence and recklessness of the defendant in causing an automobile accident. The claims are brought together in a single, six paragraph complaint. The defendant has filed a request for the plaintiff to revise the complaint, pursuant to Practice Book § 147(3), now Practice Book (1998 Rev.) § 10-35(3),[1] to divide the negligence and recklessness claims into separate counts in conformity with Practice Book § 138, now Practice Book (1998 Rev.) § 10-26.[2] The plaintiff objects to the request to revise on the basis that the complaint states only a single cause of action and mere claims for relief with different legal bases may be brought in a single count. The court grants the motion and orders the negligence claim to be split from the recklessness claim by use of separate counts.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 26-64, 654 A.2d 748 (1995). "Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." (Internal quotation marks omitted.) Daoust v. McWilliams,49 Conn. App. 715, 722 (1998). Our Supreme Court has "approved the use of a single count to set forth the basis of a plaintiff's claims for relief where they grow out of a single occurrence or transaction or closely related occurrences or transactions, and it does not matter that the claims for relief do not have the same legal basis. It is only when causes of CT Page 14107 action, that is, the groups of facts upon which the plaintiff bases his claims for relief, are separate and distinct that separate counts are necessary or indeed ordinarily desirable."Veits v. Hartford, 134 Conn. 428, 438-39, 58 A.2d 389 (1948).
"Separate causes of action must be pleaded in separate counts of a complaint." Falby v. Zarembski, 221 Conn. 14, 24,602 A.2d 1 (1992).
The plaintiff argues that the negligence and recklessness counts need not be separated because, based on the appellate courts' articulation of what constitutes a "cause of action," the present complaint states only a single cause of action "notwithstanding that the plaintiff's claims for relief have different legal bases." It is evident, however, that a claim for relief for negligence and a claim for relief for recklessness are separate causes of action and, accordingly, should be set out in separate counts pursuant to Practice Book § 10-26.
"A cause of action in a negligence case arises from tortious conduct; the claim subjects the tortfeasor to responsibility for the payment of money damages for the injuries sustained by the plaintiff because of the tortious conduct." Lutynski v. B.B.J.Trucking, Inc., 31 Conn. App. 806, 813, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994). Thus, inadvertent or careless factual conduct constitutes the group of facts giving rise to a negligent cause of action. Neither the negligent party's inadvertent careless acts or omissions nor the resulting injury and proximately caused damages are intended. "A cause of action claiming . . . reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belangerv. Village Pub I, Inc., 26 Conn. App. 509, 513, 603 A.2d 1173
(1992), quoting Kostiuk v. Queally, 159 Conn. 91, 94,267 A.2d 452 (1970). "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish,207 Conn. 518, 532, 542 A.2d 711 (1988). In a reckless cause of action the actor intends the intentional causative act but does not intend the harm, and performs the act knowing the harm is highly likely or if not possessed of such actual knowledge of likelihood of the harm, is nonetheless constructively charged with it, because any reasonable person would have so apprehended the harm's likelihood as a result of the intentional act. CT Page 14108
In order for a plaintiff to state a claim for recklessness, the complaint must properly allege facts indicating reckless conduct. This is true regardless of whether the recklessness claim is based on common law[3] or statute.[4]
Although the basic underlying facts of the automobile accident at issue are the same regardless of whether the legal basis for the claim of unlawful injury is founded upon negligence or recklessness, the factual allegations required to properly state such claims are necessarily distinct, and therefore the claims constitute separate causes of action.
It is evident that the allegations of the complaint state two separate causes of action — one for negligence and one for recklessness. One claims the manner in which the defendant's car was driven was inadvertent. The other theory necessarily claims she consciously drove that way. They therefore should be pled in the alternative in separate counts. The same factual conduct cannot be both intentionally and inadvertently done. These logical and legal concepts are mutually exclusive.
The defendant is entitled to know whether the jury has found her guilty of merely negligent conduct or whether it was reckless.
The defendant also seeks a revision of the complaint for "a more complete and particular statement of the allegations including the deletion of any unnecessary and improper allegations," but fails to set forth "the portion of the pleading sought to be revised, the requested revision, [or] the reasons therefor," as required under Practice Book § 148, now Practice Book (1998 Rev.) § 10-36 and therefore the Court will make no other orders.
So ordered.
FLYNN, J.