[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff filed an offer of judgment dated August 14, 1996. The defendant, Housing Authority of the Town of Greenwich ("defendant"), after a jury verdict for the plaintiffs, filed an objection in opposition to the accrual of judgment interest.
 I
The fact that the plaintiff's offer mistakenly refers to the "plaintiff" instead of the "defendant" does not make the offer invalid for purposes of calculating interest. "[N]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." Anthony Maulucci v. St. Francis Hospital Medical Center Foundation, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 510685 (June 17, 1996, Blue, J.) (17 Conn. L. Rptr. 75), quoting General Statutes § 52-123; see also AndoverLimited Partnership I v. Board of Tax Review, 232 Conn. 392, 397,655 A.2d 759 (1995), citing Pack v. Burns,212 Conn. 381, 562 A.2d 24 (1989) (finding that a misnomer is different from a case where the plaintiff has misconstrued the identity of the defendant). Here, the offer of judgment was mailed to both opposing counsel. There is no question that both counsel had notice of the offer. This plainly falls under the purview of General Statutes § 52-123. Accordingly, the offer of judgment dated August 14, 1996 is valid despite the fact that it uses the word "plaintiff" instead of "defendant." CT Page 408
 II
"We also find unpersuasive . . . [the] argument that the requirement of § 52-192a that the plaintiff state a `sum certain' precludes a unified offer of judgment to multiple defendants." Blakeslee Arpaia Chapman, Inc. v. EI Constructors,Inc., et al., 239 Conn. 708, 744, n. 39, 687 A.2d 506 (1997). Here, there is a unified offer that any of the opposing counsel to whom it was addressed could have accepted, effectively ending the action against those defendants. Accordingly, the offer of judgment dated August 14, 1996 is valid despite the fact that it does not specifically itemize the offers vis-a-vis individual defendants.
 III
"[I]t is within the plaintiff's discretion whether to file a unified offer of judgment for multiple defendants or separate offers of judgment for each defendant. Our reasoning today applies equally to unified offers of judgment made by multiple plaintiffs." Blakeslee v. EI Constructors, supra, 239 Conn. 749. Further, "an offer of judgment under 52-192a must be an offer to settle the case on all counts because the statute's purpose of encouraging settlements would be eroded by piece-meal offers of judgment." (Citations omitted.) Lutynski v. B.B. J. Trucking,Inc., 31 Conn. App. 806, 815, 628 A.2d 1 (1993), aff'd,229 Conn. 525, 642 A.2d 7 (1994). Here, the plaintiff, Andre Perkins, has offered to settle all claims for $35,000.00. Immediately preceding the attorney signature on the offer of judgment are the words "[p]laintiff Andre Perkins et al." It seems apparent to the court that if Mr. Perkins was making this offer only on his behalf, or alternately only on his daughter Brittany's behalf, the words "[p]laintiff Andre Perkins et al." would not have been used. Moreover, the word `plaintiff' refers to both Andre and Brittany Perkins. Barring any evidence of a qualification or a separate offer of judgment for Brittany Perkins' claim the offer of judgment dated August 14, 1996 is valid as to the entire case. Accordingly, the offer of judgment dated August 14, 1996 is valid despite the fact that it does not refer to separate plaintiffs.
 IV
"Each defendant . . . [will] be liable for offer of judgment CT Page 409 interest only if the recovery of the plaintiffs seeking the interest from that defendant exceeds the amount of the unified offer." Blakeslee v. EI Constructors, supra, 239 Conn. 749, n. 49.
Here, the recovery of the plaintiffs, $123,000.00, exceeds $35,000.00, the amount of the unified offer. Accordingly, the plaintiff is entitled to judgment interest on $123,000.00. The defendant's objection to the accrual of judgment interest is, therefore, overruled in its entirety.
So Ordered.
D'ANDREA, J.