[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST TRIAL MOTIONS
Collateral Source Issue
The defendants claim that almost all of the plaintiff's medical expenses were paid from collateral sources. The plaintiff objects in part that the jury award should not be so reduced because the insurance company has no fault lien against the judgment in the amount of $4112.74. The economic portion of the judgment here was $3,479. Section 52-225(a)(1) does not allow for a reduction of the plaintiff's economic damages for a collateral source for which a right of subrogation exists. It should be noted, however, as the defendant says that under the now repealed no fault statutory scheme [§ 38a-369(b)], pursuant to which Allstate apparently makes its claim, the company would only be entitled to two-thirds of the lien amount which totals about CT Page 10876 $2741. Thus, the economic damages in the amount of $3479 would be reduced and a collateral source credit applied to the defendants. The court does not agree with the plaintiff to the extent that she argues merely because a claim of subrogation is made an award cannot be reduced for a collateral source to which the subrogation claim applies. A trial court in this situation must at least make a prima facie determination that the subrogation right is valid and enforceable. This would of course not bind the party having the subrogation claim since they are not parties to the underlying litigation. But a court determination of the issue would at least in many instances avoid the risk of double recovery if the subrogation claim is truly bogus. However, the court in any event concludes that the insurance company's subrogation claim is highly supportable. This accident happened in December of 1993. The no-fault statutes, including § 38a-169
which created the subrogation right, was repealed later in January 1994. Therefore, the policy creating Allstate's obligations and rights and the accident which brought into play those obligations and rights predated the legislative repeal. The insured but also the company had valuable contract rights — assumedly insurance companies operating under the no-fault scheme also set their rates and adjusted their risks with that scheme in mind. Legislative repeal of § 38a-169 under these circumstances cannot fairly or perhaps constitutionally be said to have abrogated Allstate's subrogation claim, cf. Lytynski v. B B JTrucking Co., 31 Conn. App. 806, 818 (1993).
The defendants appear to concede that if Allstate is held to have subrogation rights against the plaintiff § 52-225(a) does not apply. The defendants argue though in that eventuality "the economic damages amount of $3,479 would be reduced to $2,741 [the amount of the Allstate lien] and a collateral source credit of $738 applied to the defendants." [Pages 3-4 of 5/14/99 brief]. Query, however, why would the judgment against the defendants be reduced because of the insurance lien and wouldn't § 52-225 be operative to bar any collateral source credit in the amount claimed since by any construction of her insurance and health care benefits the plaintiff paid an amount in excess of the claimed credit to secure them?
Defendant's Offer of Judgment
In this case, the defendant filed an offer of judgment pursuant to P.B. 17-11. If the offer is filed and not accepted, the plaintiff "shall recover no costs accruing after having CT Page 10877 received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time." P.B. 17-13. Here, the jury's verdict was less than the defendant's offer.
The plaintiff seeks to avoid the consequences of P.B. 17-13
by advancing two arguments. First, she says she received the offer of judgment just before evidence was to begin and did not have time to consider the offer or discuss it with her client. But the Practice Book section sets up a bright line test — the offer must merely be filed "before any evidence is offered." [P.B. 17-11]. The offer here was delivered to trial counsel for plaintiff, by her own admission, before evidence was offered in this case. If the plaintiff needed more time to consider the offer she could have asked for a continuance of the trial. Under P.B. 17-12 a plaintiff has ten days to consider an offer of this nature and the practice book contemplates a continuance may be necessary when in that section it states: "No trial shall be postponed because the period within which the plaintiff may accept such offer has not expired, except at the discretion ofthe judicial authority" (emphasis added). No request for a postponement of the trial was made here or even a delay for a portion of the day. Notice of an offer to trial counsel just before evidence is not particularly unfair seeing that in situations like this the cases have been previously pretried, both sides have prepared their evidence and the court cannot conceive of a situation where a trial judge would not give counsel a reasonable amount of time to consider such an offer on the day trial is to begin. The alternative to this approach, which is the necessary corollary of the plaintiff's position, is for trial judges, in complete disregard of the language of the practice book, to decide on a case by case basis if an offer was submitted sufficiently in advance of the commencement of evidence to make the sanction operative —, i.e. the denial of costs to a plaintiff securing a verdict below the offer of judgment. Such a system would be unworkable and defeat the purpose of this procedure by replacing explicit guidelines for offer and acceptance with vague criteria of what some trial judge thinks is "fair" — since all lawyers naturally live in high hopes that they can convince a judge of their definition of "fairness," the incentive to settle cases by this procedure will be weakened with the abandonment of explicit time guidelines.
The plaintiff also argues that she was trial counsel but another lawyer had an appearance in the case. That lawyer submitted an affidavit to the effect that he did not receive the CT Page 10878 offer until after 2:00 p. m. on March 17, 1999, the day evidence began. The offer was mailed by defense counsel on March 16th. Plaintiff's counsel argues that under these circumstances the offer cannot be said to have been given before evidence began. The defendants counter by saying the practice book only requires that the offer of judgment be filed with the clerk, it does not require that notice (presumably to opposing counsel) be given before evidence commences. This position is not persuasive because this is all about costs and P.B. 17-13 says trial costs cannot be recovered by the plaintiff unless the plaintiff files notice of acceptance "before any evidence is offered at the trial." In a situation where the ten day period to accept overlaps the trial commencement day counsel for the plaintiff must receive the notice in hand before the evidence begins and it is the responsibility of defense counsel to ensure that that occurs if counsel wishes to take advantage of the provisions as to costs set forth in P.B. 17-13.
However, for the court at least, that does not end the matter. Here an extremely able trial lawyer represented the plaintiff at trial and was handed the offer of judgment within the appropriate practice book time limits. Having an appearance in the file herself she, as trial counsel, had full authority to take any actions she deemed necessary with regards to the offer of judgment. Plaintiff's counsel who had an appearance in the file, in addition to that of trial counsel, did not appear during the trial or participate in any way in the conduct of the trial before the court.
Whatever rights or obligations might have existed between the plaintiff and her two lawyers regarding the offer and communications or advice about it, if, after consultation with trial counsel alone, the plaintiff had accepted it, that acceptance could not have been nullified or invalidated as to any rights that might have accrued to the defendants because of the acceptance merely because trial counsel acted on her own and the plaintiff did not consult with her other lawyer. If that is the case, it would not be fair or make sense to say that the plaintiff should not suffer the consequences set out in the practice book for failure to accept the offer because, although she had a chance to consult with trial counsel she did not have a chance to talk to her other lawyer.
Once having received notice of the offer before evidence began, plaintiff's trial counsel could have called co-counsel CT Page 10879 before evidence began. If she chose not to that defines the relationship she had with her client and co-counsel — she had full authority to act in this matter. That would not be surprising since she conducted the trial on her own and made all trial decisions before the court. If she in fact called counsel and verbally communicated the offer of judgment before evidence began, where is the harm?
In light of the foregoing, the provisions of P.B. 17-13 are operative and the plaintiff is not entitled to cost incurred after plaintiff's trial counsel received notice of the offer of judgment. The plaintiff's Bill of Costs is reduced to $301.75 and the defendants are entitled to costs incurred after March 17, 1999. The court however, will not award attorney's fees to the defendants as also provided for in P.B. 17-13.
Corradino, J.