[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDUM OF DECISION ON DEFENDANT'S MOTION FOR COLLATERAL SOURCE REDUCTION
CT Page 11237
In this personal injury action, the defendants seek to offset a jury award of $2,359.20 in economic damages by the sum of $1,818.75 which represents the amount of medical bills paid by the plaintiff's liability carrier on her behalf except $145 paid by her health insurer all of which payments are subject to a collateral source reduction pursuant to General Statutes § 52-225
a and 52-225b.[1]
The plaintiff, however, seeks an offset to the $1,818.75 because of the payment of $145 made by her health insurer which $145 is also a collateral source benefit. The offset sought by the plaintiff is in the amount of $6,297.46 which represents the premium paid on her behalf to collect such benefit. She claims this amount should also be applied to the payment thus reducing the collateral source reduction to zero. This, of course, would permit the plaintiff to recover twice for her medical bills.
Both our Supreme Court and Appellate Court have discussed the intention of the legislature when it enacted § 52-225a and the offset in § 52-225a(c).
That intent was clearly to prohibit such a double recovery.Alvarado v. Black, 248 Conn. 409, 418 (1999), Brennan v. BurgerKing Corporation, 46 Conn. App. 76, 83 (1997).
To the extent, however, that the plaintiff had to pay for these benefits, she is entitled to offset the collateral source reduction by the expenditure made to secure the benefits.Brennan, supra p. 83.
The theory of offset as advanced by the plaintiff here that the collateral source reduction is offset by the total premiums paid to the collateral sources regardless of which company paid the benefits would be a windfall unanticipated and in abrogation of the legislative intent in formulating § 52-225a. The calculation for the proper offset for premium payments should be made according to the payments made by each provider. This insures that plaintiff is made whole. Lutynski v. B.B. J.Trucking, Inc., 31 Conn. App. 806, 816 (1993).
In this case, the plaintiff may offset the payments made by the plaintiff's liability carrier in the amount of $1,773.75 (1818.75 — 45.00) by any premium made by the plaintiff or on her CT Page 11238 behalf to secure that benefit. The $145.00 paid by her health insurance carrier is offset by any premium similarly paid to it. Since that premium exceeds the $145 payment, the collateral source reduction as to this bill is therefore zero.
Judgment may enter accordingly.
Freed, J.