[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO REOPEN JUDGMENT
On November 23, 1999, the plaintiff, Gerald Farrell, Jr., filed a one count negligence complaint against the defendant, Mary Viski. This claim arises out of a motor vehicle accident in which the plaintiff alleges that the defendant forced him off the road. As a result, the plaintiff alleges that he sustained various physical injuries. The defendant filed an answer and a special defense.
On February 25, 2002, the defendant, pursuant to Practice Book §17-11, made an offer of judgment in the amount of $38,250. The plaintiff CT Page 10194 did not accept the offer. On February 27, 2002, the plaintiff offered to settle the case for $45,000. On March 26, 2002, the defendant filed an acceptance of the offer and the court entered judgment for the plaintiff against the defendant in accordance with the accepted offer of judgment.
On April 1, 2002, the plaintiff timely moved to open the judgment. The plaintiff moves on the ground that: (1) the plaintiff did not grant his attorney authority to make an offer of judgment that would be open past March 18, 2002, the date upon which the plaintiff was scheduled for surgery; (2) the defendant was estopped from accepting the offer because the defendant's attorney made statements to the plaintiff's attorney that the offer would not be accepted and the plaintiff and his attorney relied on this representation to their detriment; and (3) the court has the authority to rescind an offer of judgment that has been accepted. In support of his position, the plaintiff includes a memorandum of law and signed affidavits from both Carl Cella and Gerald Farrell, Sr., the plaintiff's attorneys. The plaintiff also filed an objection to the defendant's acceptance which is overruled because judgment has already entered and, therefore, the only motion that the plaintiff can properly bring is a motion to open.
The defendant, in her memorandum of law in support of her objection, argues that: (1) the plaintiff's attorney made the offer of judgment with knowledge that surgery was pending; (2) the defendant's estoppel argument is factually and legally inadequate because the defendant did not do or say anything to induce the plaintiff to file the offer of judgment; and (3) the defendant accepted the offer of judgment in accordance with the rules of practice and the applicable statutory provision.
"The principles that govern motions to open or set aside a civil judgment are well established. Within four months of the date of the original judgment, Practice Book § [17-4[1] and General Statutes § 52-212a[2] vest] discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . ." (Citations omitted; internal quotation marks omitted.)Mazziotti v. Allstate Ins. Co., 240 Conn. 799, 808-809, 695 A.2d 1010
(1997). "While such a motion should not be readily granted nor without strong reasons, it ought to be when there appears cause for which the court acting reasonably would feel bound in duty so to do." (Internal quotation marks omitted.) Steve Viglione Sheet Metal Co. v. Sakonchick,190 Conn. 707, 710-11, 462 A.2d 1037 (1983).
"An offer of judgment is an offer to settle the entire case, including claims both known and unknown, and both certain and uncertain. . . . CT Page 10195 Obviously, if injuries worsen as time passes, damages will increase, and, if injuries mend, damages will decrease. These are the vagaries of offers of settlement. . . . The purpose of 52-192a [and Practice Book § 17-14] is to encourage early, fair, and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly." Lutynskiv. B.B.J. Trucking, Inc., 31 Conn. App. 806, 813-14, 628 A.2d 1
(1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994).
The plaintiff moves to open the stipulated judgment on the ground that his attorney lacked authority to file an offer of judgment. The plaintiff argues that the defendant had full knowledge that the plaintiff's attorney only had authority to settle the claim for $45,000 until March 18, 2002, the date of the plaintiff's surgery. Because the defendant accepted the offer after the plaintiff's surgery, the plaintiff argues that the stipulated judgment should be opened.
The defendant counters that there was a voluntary offer of judgment made by the plaintiff and that the plaintiff had knowledge that surgery was pending. The defendant further argues that she accepted the offer of judgment within the prescribed time period,[3] and the court, thereafter, entered judgment. Accordingly, the defendant contends that the stipulated judgment should not be opened.
"[A]n attorney who is clothed with no other authority than that arising from his employment in that capacity has no implied powers by virtue of his general retainer to compromise and settle his client's claim or cause of action . . . . Either precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client." Cole v.Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941); see also Acheson v.White, 195 Conn. 211, 213 n. 4, 487 A.2d 197 (1985).
There was precedent special authority in this case. One of the plaintiff's attorneys, Carl Cella, avers that he was granted authority to settle the claim, but only up to the date of the plaintiff's surgery. (Cella's Affidavit, ¶ 2.) Cella also avers, however, that his client only informed him of the actual date of the surgery after he had already filed the plaintiff's offer of judgment. (Cella's Affidavit, ¶ 3). Upon learning that the plaintiff was to have surgery, Cella, however, did not take any affirmative action to withdraw the offer of judgment. Since the offer of judgment was already filed, the defendant was then entitled to thirty days in which to accept the offer, and, accordingly, did so on March 26, 2002. Because authority was given to Cella to file the offer of judgment and the defendant accepted it within the prescribed time period CT Page 10196 and the court entered judgment in accordance with the defendant's acceptance of the plaintiff's offer of judgment, the plaintiff has not presented a good and compelling reason to open the judgment.
The plaintiff also argues that the stipulated judgment should be opened because the defendant is estopped from accepting the offer. The plaintiff contends that even if the court does find that there was a valid offer and acceptance, he would have withdrawn his offer at the time of his surgery if not for statements made by the defendant's attorney suggesting that the plaintiff's offer would be rejected.[4] The plaintiff therefore contends that the stipulated judgment should be opened because the defendant should be estopped from enforcing the judgment. The plaintiff's estoppel argument is without merit.
"The defense of estoppel must be supported by proof of two essential elements: (1) the party against whom estoppel is claimed must be shown to have done or said something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and (2) the other party must be shown to have changed its position in reliance on those facts, thereby incurring some injury. . . An estoppel is predicated on proof of misleading conduct resulting in prejudice to the other party . . . The party claiming estoppel had the burden of proof, and whether it has met that burden of proof in a particular case is an issue of fact. . . ." (Internal quotation marks omitted.) Treglia v.Zanesky, 67 Conn. App. 447, 459, 788 A.2d 1263 (2001), cert. denied,259 Conn. 926, 793 A.2d 252 (2002); see also Newman Partners v. CFCConstruction Limited Partnership, 236 Conn. 750, 768, 674 A.2d 1313
(1996).
The plaintiff does not provide any evidence to support his claim that the defendant's attorney intentionally said or did anything to induce his attorney to file the offer or judgment or to keep the offer open after the surgery had been performed. The plaintiff has not met his burden with respect to his estoppel argument.
For the reasons stated above, the plaintiff's motion to open is denied.
BY THE COURT
 ________________________ Gilardi, J.