[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 17, 1996
This decision is a sequel to my decision of May 15, 1996, in the above-entitled action ("Maulucci I"). Maulucci I describes the history of this action, and that history need not be repeated. The plaintiff has now moved for prejudgment interest pursuant to Conn. Gen. Stat. § 52-192a(b).
To briefly state the case, the plaintiff filed a written offer of judgment on September 3, 1993, offering to stipulate to a judgment of $25,000. The offer was filed within eighteen months of the filing of the complaint. This offer was not accepted by either St. Francis Hospital and Medical Center Foundation, Inc. (the "Foundation"), the named defendant at the time, nor by St. Francis Hospital and Medical Center, Inc. (the "Hospital"), the present defendant. On March 15, 1996, the jury returned a verdict of $38,161 against the Hospital. The verdict was accepted and ordered recorded. On May 15, 1996, the Hospital's motion to set aside the verdict and for a new trial was denied. Maulucci I. The question now presented is whether the plaintiff is entitled to an award of prejudgment interest against the Hospital in spite of the fact that the Hospital was not the defendant of record at the time that the offer of judgment was filed. I conclude that the answer to this question is yes.
It is helpful to begin with the statutory text. Conn. Gen. Stat. § 52-192a(b) provides, in relevant part, that, "After trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment,' the court shall add to the amount so recovered twelve percent annual interest on said amount . . ." It is well established that an award of interest under § 52-192a is mandatory, and the application of `§ 52-192a does not depend on an analysis of the underlying circumstances of the case or a determination of the facts.'"Lutynski v. B.B. J. Trucking, Inc., 31 Conn. App. 806, 812,628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994). (Citation CT Page 4818 omitted.) If the statutory preconditions for an award of interest are satisfied, such an award is required.
The statutory preconditions for an award of prejudgment interest are satisfied in this case: (1) The plaintiff made an offer of judgment. (2) No defendant — neither the Foundation nor the Hospital — accepted that offer. (3) The plaintiff recovered an amount greater than the sum certain stated in his offer of judgment. It necessarily follows that the court must add interest to the amount so recovered. This is a mechanical task that is to be performed without "an analysis of the underlying circumstances of the case or a determination of the facts."
The Hospital, perhaps realizing that the logic of §52-192a(b) is inexorable, argues that the plaintiff did not comply with the requirements of § 52-192a(a). It specifically argues that the plaintiff failed to comply with the requirement of subsection (a) that an offer of judgment be "directed to the defendant or [its] attorney." The Hospital contends that the offer of judgment was instead "directed" to the Foundation. This argument, however, fails on its own terms because the offer of judgment, as it happens, is expressly directed to "St. Francis Hospital and Medical Center" and was mailed to counsel who has represented both the Hospital and the Foundation in this action. Moreover, as Maulucci I describes in detail, the Hospital had actual notice of this action and of the fact that the plaintiff's allegations were directed against the Hospital well before the offer of judgment was filed. To the extent that the problem here is one of notice, the Hospital cannot plausibly claim to have lacked notice.
To the extent that the problem is a technical one-attributable to the fact that the defendant of record was the Foundation — the plaintiff appropriately invokes Conn. Gen. Stat. § 52-123. That statute, considered in detail in Maulucci I, provides that "no writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." Section 52-123 "is a remedial statute and therefore it must `be liberally construed in favor of those whom the legislature intended to benefit.'"Andover Limited Partnership I v. Board of Tax Review, 232 Conn. 392,396, 655 A.2d 759 (1995). The plaintiff's motion for prejudgment interest is plainly a "kind of proceeding in court or CT Page 4819 course of justice." Given the remedial purpose of the statute, the motion should not be defeated by a purely technical error that in this case amounts, as Maulucci I explains, to a misnomer.
This result is also in keeping with the purpose of the offer of judgment statute. "The purpose of § 52-192a is to encourage early, fair, and reasonable settlements, and to encourage plaintiffs to make offers of judgment promptly."Lutynski v. B.B. J. Trucking, Inc., supra, 31 Conn. App. at 814. As Maulucci I explains, the Hospital was well aware of this action at an early date. The plaintiff's offer of judgment was designed to encourage an early, fair, and reasonable settlement. That offer was not accepted. The purpose of the statute would thus be satisfied by an award of prejudgment interest.
The Hospital claimed at argument that this reasoning should not carry the day because the Hospital had a "legitimate defense." The "legitimate defense" referred to is the fact that the writ, summons, and complaint in effect at the time of the offer of judgment named the Foundation as the defendant. This argument fails on two different levels. First, as Maulucci I
explains, this "legitimate defense" was a deeply problematic one. Conn. Gen. Stat. § 52-123 does not allow actions to be defeated because of misnomers. On a deeper level, however, the Hospital's argument mistakes the very purpose of the offer of judgment statute itself. Many defendants have "legitimate" defenses in the sense of colorable defenses. Sometimes these defenses prevail, and sometimes they do not. The whole purpose of § 52-192a is to encourage defendants to recognize this everyday fact of courtroom life and to put aside reflexive reliance on these defenses in order to come to early, fair, and reasonable settlements. The Hospital made a strategic decision not to do so. That was its right. It must now bear the statutory consequence.
The plaintiff's motion for prejudgment interest is granted. In his motion, the plaintiff asks for a total judgment of $56,751.96, consisting of the jury's verdict, statutory prejudgment interest, and $350 in attorneys fees. The Hospital has not challenged this mathematical calculation. Judgment shall therefore enter in favor of the plaintiff in the amount of $56,751.96.
BLUE, J. CT Page 4820